NETTIE M. LORENZ ET AL., APPELLEES, V. WILLIAM F. LORENZ ET AL., APPELLANTS.

33 N. W. 2d 162

Filed July 7, 1948. No. 32401.

*Ginsburg & Ginsburg* and *Clements & Clements,* for appellants.

*Moran & James* and *Otto H. Wellensiek,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

MESSMORE, J.

The plaintiffs filed a suit in partition on June 20, 1946, in which they alleged and set up the ownership of real estate situated in Otoe County, Nebraska, described in the petition, and further set forth the respective interests of the parties therein. There was no contest with reference to such shares and interests. The plaintiffs further alleged that one of the defendants, Arthur W. Lorenz, had assumed to act as agent for them in collecting the rents, for which the plaintiffs prayed for an accounting. The petition further named a savings bank in Council Bluffs, Iowa, and alleged that such bank had a mortgage lien upon the interests of the plaintiffs which had been duly assigned by them to the bank. The bank, under date of June 25, 1946, entered its voluntary ap-

pearance in the case and filed its answer and cross-petition, setting up a mortgage lien upon the plaintiffs' interests in the real estate and the amount due the bank thereon under the terms of the mortgage.

The defendant Arthur W. Lorenz, the agent heretofore mentioned, filed an answer and cross-petition wherein he set up and claimed as a charge against the interests of the plaintiffs in the real estate described in their petition, certain notes, together with interest thereon, and prayed that all indebtedness due from any of the parties in the case to him as agent be offset as a charge against the interests of the various parties in and to the real estate, and that the court charge the principal and interest as a lien upon the interests of the plaintiffs in the property involved.

The remaining defendants, being the other co-owners of the real estate; filed an answer wherein they prayed that the defendant Arthur W. Lorenz be ordered and required to offset and recoup from any interests of the plaintiffs in the action the amounts of any and all notes executed by plaintiffs, and that the amounts so withheld be distributed among the parties in proportion to their respective interests.

The plaintiffs, in their reply to the answer and cross-petition of the defendant Arthur W. Lorenz, pleaded that the notes were outlawed by virtue of the statute of limitations, that they were under no obligation thereon, and that they be not required to make any payment; further alleged that the amounts withheld from them by such defendant were unlawfully withheld, and they were entitled to payment thereof.

The plaintiffs filed a reply to the answer of the remaining defendants, wherein they denied each and all of the allegations of the said answer.

We deem it unnecessary to set forth the evidence with reference to the accounting and the advancements made by the defendant Arthur W. Lorenz to the respective

parties as shown by the evidence, for the reason the same would unnecessarily lengthen this opinion.

After hearing, the trial court found, on the issues of the accounting, generally in favor of the defendant Arthur W. Lorenz, and that he had fully and properly accounted for everything received by him in the capacity of agent for the respective parties; further found that such defendant should withhold from the plaintiffs the additional sum of $645.45 as interest due from them; further found that the indebtedness of the plaintiffs should be deducted from the respective shares of the plaintiffs in the property; and, in addition thereto, found that the sum of $702, which represented advancements made by the defendant Arthur W. Lorenz as agent of the plaintiffs, should be offset against the shares of the plaintiffs in the real property. The court then found the interests of the parties subject to the charges against them and each of them, and appointed a referee to make partition. Partition was granted, sale had, and confirmed.

After the overruling of the motion for new trial the defendants appealed from an order of the trial court wherein, on the motion to confirm the sale, the appellees' attorneys requested an attorney's fee which was allowed by the trial court in the amount of $640. Objections were filed by the defendants to such allowance and overruled by the trial court. From the overruling of the allowance of attorney's fees as hereinbefore set forth, the defendants appeal.

For convenience the appellants will be referred to as the defendants and the appellees as the plaintiffs.

Defendants contend the trial court erred in failing and refusing to find that the action in the instant case was adversary and therefore the plaintiffs' attorneys were not entitled to allowance of attorney's fees.

From an examination of the pleadings and the record we conclude that the accounting involved in the case at bar, and the rights of the savings bank in Iowa, are collateral and incidental to the partition action. In the

partition action there was no contest with reference to the respective interests of the parties herein involved, and such interests are conceded.

From this analysis we arrive at the conclusion that the following authorities are appropriate to a determination of this appeal.

Section 25-21,108, R. S. 1943, provides that all the costs of the proceedings in partition shall be paid in the first instance by the plaintiffs, but eventually by all the parties in proportion to their interests, except those costs which are created by contests previously provided for by law.

In Wilcox v. Halligan, 141 Neb. 643, 4 N. W. 2d 750, an appeal was taken from an award of attorney's fees for plaintiffs' attorneys in a partition action. Defendants filed an answer setting forth their respective interests, but did not deny the interest of the plaintiff in the premises sought to be partitioned. The proof thereon was not contradicted, which is true in the instant case. The court stated: "It follows that, so far as the pleadings are concerned, this proceeding in partition may not be deemed adversary in character, and plaintiff's right to partition is conceded by all parties and cannot be made an issue in this case. * * * This jurisdiction is quite committed to the doctrine that in an amicable proceeding under our statutes the plaintiff is entitled to have his reasonable attorneys' fees taxed as costs to be paid out of the proceeds of the sale of the partitioned property, where a sale is had." See, also, Annotation, 146 A. L. R., pp. 1269, 1271, 1272, and 1274.

In the above case we have a proceeding which the record discloses was wholly without contest and strictly amicable in all respects up to and including the decree of partition, the appointment of the referee, the approval of his report, and the order of the district court directing the sale of the premises. See, also, Johnson v. Emerick, 74 Neb. 303, 104 N. W. 169, 12 Ann. Cas. 851; Annotation, 73 A. L. R., pp. 16, 21, 23, and 33;

Mabry v. Mudd, 132 Neb. 610, 272 N. W. 574; Annotation, 146 A. L. R., pp. 1269, 1271, 1274, 1275, and 1278.

In the instant case the accounting for rents as against the defendant Arthur W. Lorenz, the advancements made by him and notes incident thereto, all appear in the evidence. They do not constitute a contest upon the respective rights or interests of the parties to the land to be partitioned in this action, nor can such proceedings interfere with the rights of the savings bank in Iowa in setting up its indebtedness against the plaintiffs' interests. Such subject matter is purely collateral and incidental to the partition action. This being true, there is nothing adversary therein that would affect or prohibit the allowance of attorney's fees. We conclude the trial court did not err in such respect.

The next question that confronts us is whether or not the trial court abused its discretion, on the theory that the amount allowed as attorney's fees was excessive. Considering the pleadings, the evidence adduced, and the respective interests of the parties which must be considered in determining this phase of the case, we conclude that the trial court did not abuse its discretion in the allowance of attorney's fees.

The plaintiffs, by cross-appeal, again except to the accounting as made, upon the theory that the notes involved therein, owing by the plaintiffs, were outlawed by the statute of limitations. We have examined the authorities in connection with the plaintiffs' cross-appeal with respect to the subject matter as contained therein, and also the motion of the defendants to dismiss the cross-appeal. From an analysis thereof and the decree of the trial court we conclude that the cross-appeal is without merit. It was fully determined upon the plaintiffs' injection of the accounting in the original case, from which the defendants have not appealed.

For the reasons given, we conclude the judgment of the trial court should be affirmed.

AFFIRMED.