53 N.J. Super. 443 (1959)
147 A.2d 601
THEODORE LIPIN ET AL., PLAINTIFFS,
v.
MAE D. ZIFF ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided January 7, 1959.
*444 Messrs. Lum, Fairlie & Foster (Mr. Warren E. Dunn, appearing), attorneys for plaintiffs.
*445 Messrs. Eisenberg & Spicer (Mr. Jerome C. Eisenberg, appearing), attorneys for defendants Miriam L. Chalfin et al.
Messrs. Gross, Goldberger & Stavis (Mr. Morton Stavis, appearing), attorneys for defendants Murray Feiner et al.
SCHERER, J.S.C.
Plaintiffs sued to partition a tract of commercial real estate in which they owned a 1/12 interest. The property was sold by the Sheriff of Bergen County on December 8, 1958 for the sum of $300,000, pursuant to the judgment of this court. The present application is for the entry of an order confirming sale, allowing fees and expenses to the attorneys for plaintiffs out of the proceeds of sale, for distribution of the net proceeds of sale, and for a final accounting of the income derived from the property. The parties are in accord on the form of an order, but defendants oppose the allowance out of the fund in court of all of the fees and disbursements requested and urge that part of such expenses should be borne by the plaintiffs personally. That the plaintiffs are entitled to some fees and disbursements out of the fund is not disputed.
There is no question of the jurisdiction of this court to award counsel fees and disbursements to the plaintiffs out of the entire fund. The fund in a case of this kind has been held to be under the control of the court and to remain so until disposed of by the order or judgment of this court. Katz v. Farber, 4 N.J. 333 (1950). The award of a fee, there being a fund in court, is authorized by R.R. 4:55-7(b). See also, Baird v. Moore, 50 N.J. Super. 156, 176 (App. Div. 1958).
I am of the opinion that the entire fund is before the court, under the ruling of Baird v. Moore, supra, because all of it is to be disbursed or credited, as the case may be, pursuant to the order to be presently entered. The fact that for convenience the defendants were permitted to apply to their bid the amount which would be due them for their distributive share under the judgment of partition does not *446 reduce the amount before the court for disposition. Therefore, the fact that only a small amount of cash  as contrasted with the entire amount of the bid  is actually to be paid into court, has no bearing on the amount of the fee to be allowed the plaintiffs for legal services rendered and for their disbursements. Blut v. Katz, 36 N.J. Super. 185 (App. Div. 1955).
After examining the pleadings and the affidavits submitted by both sides and the memoranda of law, I conclude that a fee of $5,000 should be allowed to plaintiffs' attorneys out of the fund. This is not to be taken as a finding by me that the services rendered by the plaintiffs' attorneys are not worth the amount requested, but I believe that some of the services itemized in the affidavit were rendered to the plaintiffs personally, as contrasted with services rendered in the suit for the benefit of all parties. The plaintiffs personally, therefore, should compensate their counsel for these other services.
As to the amount to be allowed to the plaintiffs out of the fund for their costs and disbursements, I will adopt the views of Judge Conford in Baird v. Moore, supra (50 N.J. Super. at page 173), that "where there is a partition in equity, * * * the allocation of charges and credits as between the cotenants be governed by the basic justice and fairness of the situation." Woolston v. Pullen, 88 N.J. Eq. 35 (Ch. 1917).
Plaintiffs seek reimbursement for an item of $365.07 for preparing and mailing brochures regarding the property which was sold. These were circulated in an attempt to stimulate interest in the property and thereby produce a better price. Defendants oppose the allowance of this item on several grounds, among which are that they did not approve of the mailing of the brochure, were not permitted to have any say in its contents, did not see it before mailing, and even as late as December 19, 1958, the day of the motion, had not seen nor been furnished with a copy of it. They further argue that there is nothing to indicate that this brochure produced any prospective buyers, pointing out that *447 the property was bid in on behalf of the defendants for $300,000, there being only one other bidder  a person who owned a piece of property in the vicinity of the one in question, who stopped bidding at $226,000. Plaintiffs, on the other hand, argue that what they did was done in good faith in an effort to produce the highest price, which would have benefited the defendants, and that they should not be penalized because no other bidders appeared.
I am not convinced that the brochure was necessary or that it had any effect whatever on the bidding. Defendants did not approve of the idea nor of the contents of the brochure. I will disallow this item as a disbursement to be paid from the fund.
In this connection, I will also disallow the sum of $57.76 for telephone calls and answering service charges, presumably incurred in connection with the brochure or with the sale, but I will allow the sum of $77.47 for the advertisements in the Wall Street Journal and the New York Times.
The next item to be considered is the sum of $850 for real estate appraisal and court appearance of Louis Schlesinger Company. This firm made an appraisal for the plaintiffs, and Mr. Joel Schlesinger appeared in court prepared to testify as an expert witness on behalf of the plaintiffs. He did not testify because the court deemed his testimony to be unnecessary. Defendants oppose the allowance of this item out of the fund in court and say that it should be borne by the plaintiffs personally. They point out that in the beginning, in an endeavor to arrive at an amicable settlement of this case, each side agreed to secure its own real estate appraisal. They say that they secured such an appraisal and are bearing their own expense for this service. The parties could not agree on a price and a sale was directed. Since the defendants will have to bear the cost of their own appraisal, they should not be charged with any part of the Schlesinger fee. This item will be disallowed as a disbursement to be paid from the fund.
Plaintiffs also request the allowance of $184.04 as part of their disbursements for search fees. This item will *448 be allowed. There will be no additional allowance for plaintiffs' attorneys for any services in connection with the examination of the title report or any work done in connection therewith because I have taken this into consideration in fixing the amount of the counsel fee allowed as above stated.
Except as herein disallowed, all other disbursements set forth in the affidavit of the plaintiffs' attorneys will be allowed, to be paid with the counsel fee and taxed costs out of the fund in court. If there is a deficit in cash because the defendants were allowed to credit their distributive share against the amount of the bid, that deficit must, of course, be paid in cash by the defendants.