ROBERTA NELSON MAHON, plaintiff, cross-appellant, v. HARRY
MAHON et al., defendants; MERLE E. NELSON,
defendant-appellant.

## No. 51417.

(Reported in 133 N.W.2d 697)

564

MARCH 9, 1965.

Margaret L. Beckley, J. C. Beckley, L. M. Hullinger, Sr., and David D. Mitchell, all of Cedar Rapids, for appellant.

Bailey C. Webber, of Ottumwa, for plaintiff, cross-appellant.

GARFIELD, C. J.—A former appeal on another phase of this case was before us in Mahon v. Mahon, 254 Iowa 1349, 121 N.W. 2d 103.

Defendant Merle E. Nelson, who owned a two-thirds undivided interest in a 250-acre farm in Van Buren County, has appealed from the district court's allowance of fees to the attorney for plaintiff Roberta Nelson Mahon, who owned the remaining one-third interest, in the action for partition of the farm. The same attorney, Bailey C. Webber, was also attorney for the referee in the action and the same defendant has appealed from the allowance of fees to Mr. Webber as such attorney.

Plaintiff Mrs. Mahon has cross-appealed from the trial court's denial of fees to Mr. Webber for services rendered to her in the former appeal to us of this case.

The decree appointed D. W. Harris, an attorney at Bloomfield, referee to sell the farm and divide the proceeds between the two owners. Until after he was appointed referee Mr. Harris was attorney for appellant Nelson who then engaged other coun-

sel. The referee made a written contract on June 12, 1962, to sell the farm to J. E. Stecker for $50,000. A hearing on the matter of approving the contract was held July 20, 1962, at which higher bids for the farm were made. Mr. Stecker then finally bid $75,300 and the court approved the sale to him for this sum. Mr. Harris acted as auctioneer and Mr. Webber recorded the bids at this sale in the Van Buren County courthouse.

The purchaser settled for the farm on March 1, 1963. Mr. Harris filed application on April 24 for allowance of fees to him and Mr. Webber. (We decided the former appeal on April 9.) The application recited principally the services Mr. Harris performed. It also alleged Mr. Webber had acted throughout as attorney for Mrs. Mahon and her husband, defendant Harry Mahon, and in many instances their interests conflicted with the interest of the referee and he has been compelled to act independently of his counsel, Mr. Webber.

On the day of the hearing on the referee's application Mr. Webber filed affidavit in respect to fees he claimed as attorney for Mrs. Mahon and the referee. At the hearing Mr. Webber made a narrative statement of what he had done for plaintiff and the referee and the fees he thought he should have. He was then cross-examined by counsel for appellant Nelson. Mr. Harris then made a narrative statement of his doings as referee. He was then cross-examined by Mr. Webber and, very briefly, by appellant's counsel.

Mr. Webber offered in evidence thirteen letters that passed between him and the referee and pen and ink statements by the former regarding rentals for the farm (which was occupied by the Mahons) and a proposal for partial distribution of proceeds of the sale to Stecker. The referee also offered in evidence correspondence between him and Mr. Webber, Mr. Stecker, the Mt. Pleasant office of the Federal Land Bank, holder of a mortgage on which a small balance was unpaid, and other correspondence of Mr. Harris as referee.

The trial court allowed Mr. Webber as attorney for plaintiff $1536, the maximum percentage permitted by rule 294, Rules of Civil Procedure, infra, on the sale price of the real estate, plus $600 ($2136 total), under the last sentence of rule 294, on the

theory the partition action was contested. Mr. Webber asked $750 additional fees for services to plaintiff on the former appeal to us. The court denied this request on the ground the services were not for the common benefit of the owners but related to a collateral issue by which plaintiff sought reimbursement from appellant because of enhanced value of the realty from improvements made by her.

The court allowed the referee and Mr. Webber as his attorney $2250 each as reasonable compensation under rule 295, Rules of Civil Procedure, infra.

Appellant Nelson contends the $600 should not have been allowed Mr. Webber and urges in support of the contention much the same ground on which an additional fee to him for services on the former appeal was denied. Appellant also contends the allowance of $2250 to Mr. Webber as attorney for the referee should not have been made and in any event is excessive. Appellant does not complain of the allowance to the referee and reluctantly accepts the allowance of $1536 to Mr. Webber as attorney for plaintiff.

I. Before considering the merits of the appeal we are moved to express disapproval of some of the things done—or perhaps we should say not done—in connection therewith.

The printed record contains 176 pages and cost $485 to print. One hundred two pages consist of facsimiles of all exhibits offered at the hearing on fees other than the entire court file in the action. Nearly all are letters or letter copies. Even the letterheads and pen and ink signatures are reproduced. In a few instances the original letter and a copy have been reproduced. Inclusion of these exhibits in the record in this manner apparently added over $400 to the cost of printing it. This was unnecessary and should have been avoided. These exhibits could have been certified and transmitted to us with a brief designation or description in the record of each exhibit material to the appeal.

The printed record evidently also contains a complete transcript of the narrative statements by Messrs. Webber and Harris and all the questions and answers on their cross-examination. No apparent attempt was made to omit what is not material to

the appeals, to abstract the cross-examination "in condensed or narrative form" or to show "the trial court a good reason for setting out part of the testimony in question and answer form," as rule 340(d), R. C. P., requires.

We have tried to minimize the cost of appeals to this court, sometimes with discouraging results. We now direct that only $264 ($1.50 per page) of the cost of printing the record be included in the costs of these appeals to be computed by the clerk. This reduction is less than it might and perhaps should be. We will say further it seems unfair for either appellant or cross-appellant to personally pay any of the difference of $221.

The appeal and cross-appeal were taken in July 1963. Normally the printed record should have been filed within 90 days therefrom. Rule 342(a), R. C. P. However, the time was extended to April 1, 1964, and the record was filed that day, more than five months after the 90 days. Appellant's brief should have been filed within 45 days after the record was filed. Rule 343, R. C. P. It was not filed until seven months after the record was filed although it contains only 24 pages. No reply was filed. It should not have taken more than 16 months to prepare and file the record and briefs on these appeals.

■ II. Ordinarily a hearing on allowance of referee and attorney fees in a partition action is at law and our review is not de novo. Gabel v. Gabel, 254 Iowa 248, 250, 117 N.W.2d 501, 503, and citations.

Near the commencement of this hearing, when the first objection to an offer of evidence was made, the court announced "The court will treat this hearing as a proceeding in equity and the evidence will be received subject to the objection, so you may make your record." No objection to this announcement or criticism of it was made. The matter was heard, with apparent consent and acquiescence of the court and counsel, as a proceeding in equity.

■ We have frequently held we will ordinarily consider a case upon appeal as being in the same forum in which it was heard in the trial court. This would mean we would consider this appeal as in equity and review the evidence de novo. McCullough Investment Co. v. Spencer, 246 Iowa 433, 436, 67 N.W.2d 924,

925, 926, and citations; Knigge v. Dencker, 246 Iowa 1387, 1390, 72 N.W.2d 494, 495; Laughlin v. Franc, 247 Iowa 345, 347, 73 N.W.2d 750, 751, 752.

However, appellant's brief twice recognizes, and cross-appellant's brief asserts, the record on this appeal is not reviewable de novo. Since the opposing briefs agree on this point, we are not justified in reviewing the evidence de novo and therefore treat the appeals as those from similar orders are usually considered.

■ III. Gabel v. Gabel, supra, 254 Iowa 248, 250, 251, 117 N.W.2d 501, 503, 504, thus states the rules governing appeals from such an order as we have here and summarizes rules 294 and 295, Rules of Civil Procedure: "The burden of proof is on the applicants to show the reasonable value of the necessary services rendered. In addition to oral testimony the court should consider the services rendered as shown by the file before it. The court is an expert on what are reasonable attorney and referee fees. * * * The trial court has considerable discretion in fixing attorney and referee fees, the exercise thereof must be reasonable and not arbitrary, and the allowance made must be supported by the evidence and other matters necessarily involved. When it appears the allowance made is manifestly inadequate or clearly excessive, showing an abuse of discretion and arbitrary action, it becomes our duty to make a proper allowance. [Citations]

■ "In determining a reasonable attorney fee, generally the time necessarily spent, the nature and extent of the services, the amount involved, the difficulty of handling and importance of issues, responsibility assumed and the results obtained, as well as the standing and experience of the attorney in the profession should be considered. * * * There is also another factor, the increase in the cost of personal services in our economy generally. * * *

"Rule 294 provides the maximum fees for plaintiff's attorney based on the sale price * * * as follows: Ten percent on the first $200; five percent on the next $300; three percent on the next $500; and two percent on all sums in excess of $1000. Paragraph 4 of rule 294 [the last sentence] further provides for such additional reasonable compensation as the court may allow for plain-

tiff's attorney in contested cases. Rule 293 provides, in pertinent part: '* * * No contest shall deprive plaintiff's attorney of the fee specified in rule 294. * * *.' Rule 295 provides for the allowance of reasonable compensation for the referee and his attorney."

IV. We consider now the propriety of the additional allowance of $600 to Mr. Webber as plaintiff's attorney, on the theory the partition action was contested within the meaning of the last sentence of rule 294 and the refusal to allow him further compensation for services on the former appeal.

As previously indicated, appellant contends the action was not a contested partition case within the meaning of the rule, that the only contest was on a collateral issue—the extent to which appellant should reimburse plaintiff for enhanced value of the farm because of improvements, services rendered in presenting this issue were not for the common benefit of the owners, and appellant should not be compelled to pay two thirds of an additional fee to plaintiff's counsel.

We conclude from the record on the former appeal there was no real contest over the shares of the two owners or the right to partition, and the only real contest upon the trial was over the extent to which appellant should reimburse plaintiff for enhanced value of the farm from improvements made by her. As our opinion in 254 Iowa 1349, 121 N.W.2d 103, recites, plaintiff was awarded a one-third interest and appellant a two-thirds interest in the farm by a decree granting her a divorce from appellant. The petition so alleged and appellant's answer admits it. It is true the allegation the property could not be equitably divided is formally denied but we find no evidence in support of the denial. Appellant's own testimony fills less than two pages of the record and has little bearing on any pleaded issue.

It is clear the only issue on the former appeal was the amount chargeable to appellant because of enhanced value of the property from improvements made by plaintiff. The record so states at the outset; so do both briefs and our opinion, supra. It seems equally clear the services of plaintiff's attorney in enforcing her claim for reimbursement for these improvements were not for the common benefit of both owners but were for

plaintiff's individual benefit. Those services were hostile to appellant, not to aid him.

It is widely recognized that the underlying theory on which fees for plaintiff's attorney in partition are allowed as costs and charged to the various interests is that the services are for the common benefit of all. Thus 68 C. J. S., Partition, section 245d, page 374, states: "Services for which attorney's fees are allowed in partition are those rendered for the common benefit of all, and do not include services in contested matters between the parties. They should be restricted to services in partition proper, and not extended to those on incidental matters heard and determined."

An extensive annotation in 94 A. L. R.2d 575, 578, 579 (1964), on "Allowance and apportionment of counsel fees in partition action or suit" states in its summary of the decisions that statutes authorizing the allowance will be strictly construed. Also, "The allowance of attorneys' fees in a partition action * * * is generally determined by whether the services rendered by counsel were for the common benefit of all parties." (This same statement appears in 40 Am. Jur., Partition, section 94, page 82.) And "The cases indicate that liability for attorneys' fees in partition cases is limited to those parties who * * * were benefited by the attorneys' services."

Of course there is some difference in most state statutes authorizing allowance of attorney fees in partition. A few statutes limit the allowance to compensation for services for the common benefit of the owners. As indicated, courts generally apply such a limitation even though the statute does not expressly so provide. There is also considerable authority that the services for which compensation is allowed are in the partition action proper and not in connection with a collateral issue between the individual parties. Where some of the services are for the common benefit of the owners and some benefit plaintiff personally he should pay for the latter.

See in support of what is just said Dent v. Foy, 214 Ala. 243, 107 So. 210, 217; Regalado v. Regalado, 198 Cal. App.2d 549, 18 Cal. Rptr. 468, 470; Liles v. Liles, 116 Mo. App, 413, 91 S.W. 983; Donaldson v. Allen, 213 Mo. 293, 111 S.W. 1128, 1131,

127 Am. St. Rep. 601; Lipin v. Ziff, 53 N. J. Super. 443. 147 A.2d 601, 603; Novy v. Novy, 324 Pa. 362, 188 A. 328, 330; Andreano v. Andreano, 66 R. I. 83, 17 A.2d 465, 466, 467. The last citation, especially, supports the trial court's denial of added compensation to plaintiff's counsel for his services on the former appeal.

The injustice of requiring appellant to pay two thirds of an additional fee to plaintiff's counsel on the theory the contest over reimbursement to plaintiff for improvements constructed by her made this a contested partition case within the meaning of rule 294(4), R. C. P., is apparent. Similar injustices are widely recognized in decisions generally applicable to this appeal. Under the remainder of the order appellant is charged $1024 of the fee allowed plaintiff's attorney and of course had all his own attorney fees to pay. The Mahons have paid their attorney nothing even though much of what he did was for their individual benefit for which they should pay.

We think the trial court rightly disallowed plaintiff's attorney a fee for services on the former appeal but was in error in allowing him additional compensation of $600 on the theory there was a contested partition case in district court. We have difficulty in reconciling this added allowance with denial of compensation for services on the appeal.

Our holding is that where, as here, the contest in a partition action relates to a collateral issue for the individual benefit of plaintiff, additional compensation to plaintiff's attorney therefor should not be allowed as part of the costs.

Lorenz v. Lorenz, 150 Neb. 20, 33 N.W.2d 162, may be of interest on the point just decided. See also as having some analogy In re Estate of Jenkins, 245 Iowa 939, 65 N.W.2d 92; In re Estate of Law, 253 Iowa 599, 602, 603, 113 N.W.2d 233, 234, 235, and citations in these opinions.

We have concluded to decide plaintiff's cross-appeal on its merits and pass the point that denial of compensation to her attorney for services on the former appeal, a third of which would be charged to her, seems not to be prejudicial to her but actually beneficial.

V. As stated, appellant contends the allowance of $2250 to

Mr. Webber as attorney for the referee should not have been made and in any event is excessive. We cannot agree no allowance should have been made but the claimed excessiveness of the award deserves further consideration. Rule 295, R. C. P., provides an attorney for the referee "shall receive such reasonable compensation as the court allows." Division III hereof states the rules governing matters of this kind and they need not be repeated. Our question is whether the allowance is so clearly excessive as to show an abuse of discretion.

An advantageous sale of the farm was made. It was appraised at $45,000 and, as stated, sold for $75,300, about $301 an acre. The referee made the sale himself except that Mr. Webber recorded the bids at the auction in the courthouse. The referee found it more convenient and desirable to prepare the original sale contract, the final one and the application and order approving it than to ask his attorney, who lived in another city, to prepare them. (The purchaser was well past 80 years old.) Mr. Webber and the referee each testified he filled in the purchaser's name and the price in the final contract. The point is of little importance.

Soon after the farm was appraised Mr. Webber notified the referee his clients Mr. and Mrs. Mahon would buy it at the appraised price and more than once urged making a contract with them therefor, subject to court approval after notice and hearing. At the main trial Mr. Mahon testified the farm was worth $55,000, Mrs. Mahon that it was worth $52,000 to $54,000. No witness put the value at less than $50,000 and that was the opening bid at the auction. The referee declined to make a contract with the Mahons.

Mr. Mahon held a mortgage for $4000 on the farm. The decree charged appellant's share of the proceeds of the sale with two thirds of this mortgage together with interest at four percent from March 1, 1950. Mr. Webber insisted interest should be compounded, first at seven percent, later at four percent. The referee insisted only simple interest at four percent should be paid in view of the terms of the decree and Mr. Mahon eventually agreed thereto.

The Mahons were naturally interested in buying the farm at

the lowest price for which it could legally be obtained, and Mr. Mahon was naturally interested in charging against appellant's two-thirds share as much interest as he could legally collect. In these and some other matters Mr. Webber was interested in serving his clients, the Mahons. At least the referee so concluded and decided to act independently of his attorney in these and several other instances.

The trial court found substantial services were performed by the referee and his attorney in satisfying the purchaser's title requirements, discharging two mortgage liens and the lien of Van Buren County for appellant's care in a state mental institution. So far as shown the attorney did little if anything to satisfy title requirements or to discharge the liens. Indeed the main title requirements were to pay the two mortgages, the county's lien and some court costs. There was no dispute about any of these items except computation of interest on Mr. Mahon's mortgage previously referred to. Mr. Webber did assist in collecting rent of the farm for 1962 from the Mahons and $1000 to apply on rent owed by them for the three preceding years. At the time of the hearing on fees the Mahons had not paid $4773 on rent for those years.

It is apparent Mr. Webber did a good deal less for the referee than if the latter had not also been a competent attorney, experienced in such matters. This record may not fairly be read without concluding the referee performed more services than his attorney and earned a larger fee if, as rule 295, R. C. P., contemplates, it is fixed on the basis of reasonable compensation for what was done. Compensation of the referee and his attorney here was evidently fixed by allowing each about three percent of the sale price of the farm, with little if any regard to the relative extent or value of the services of each.

There may be instances where the referee and his attorney should receive equal compensation. We can agree it should be done where that would be reasonable compensation to each. But we cannot agree that in all cases they should have an equal amount. Nor can we agree this is such a case. Doubtless there are times when the attorney should be paid more than the referee, as in Gabel v. Gabel, supra, 254 Iowa 248, 117 N.W.2d 501. There

well qualified experts testified without dispute the attorneys performed more services and were entitled to greater compensation than the referee (not an attorney). The opinion points out that the nature and extent of the services rendered are important considerations in allowance of compensation.

Certainly attorneys for referees in partition and for others are entitled to reasonable compensation as the rule provides. But litigants are also entitled to fair consideration. To one like this appellant who at the time of the main trial had no home but an improvised small garage and earned his living as a part-time railroad section hand and washing dishes in a hotel $2250 is a considerable sum, $1500 of which would be chargeable to him.

We must conclude the trial court's allowance of $2250 as compensation for the referee's attorney is not supported by substantial evidence, is clearly excessive, amounts to an abuse of discretion and it becomes our duty to make a proper allowance. We think $1500 is as large a fee as should properly be awarded the attorney for the referee under the showing made.

On appellant's appeal the order regarding fees is modified and affirmed; on plaintiff's cross-appeal the order is affirmed. The cause is remanded to the district court for order consistent herewith. Two thirds the costs of this appeal are taxed to plaintiff, one third to appellant, and see Division I hereof.—Modified, affirmed and remanded.

All JUSTICES concur.