# IN THE COURT OF APPEALS OF IOWA

No. 21-0887
Filed June 29, 2022

**JEFF M. MUEGGENBERG, JEANNE M. MUEGGENBERG and JULIE R. MARTIN,**
    Plaintiffs-Appellees,

**vs.**

**JIM J. MUEGGENBERG and JANET K. MUEGGENBERG,**
    Defendants-Appellants.
_____

    Appeal from the Iowa District Court for Crawford County, Duane E. Hoffmeyer, Judge.

    Defendants appeal a partition decree and associated assessment of costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

    David M. Repp, Thomas D. Hanson, and William M. Reasoner of Dickinson, Mackaman, Tyler & Hagen, P.C., Des Moines, for appellants.

    Brant D. Kahler of Brown, Winick, Graves, Gross and Baskerville, P.L.C., Des Moines, for appellees.

    Heard by Vaitheswaran, P.J., and Tabor and Badding, JJ.

**BADDING, Judge.**

Jim and Janet Mueggenberg (defendants) appeal a district court ruling on a petition for partition in kind filed by their siblings, Jeff and Jeanne Mueggenberg and Julie Martin (plaintiffs). The defendants argue the court's division of the property was inequitable, the court erred in taxing the plaintiffs' attorney fees as costs, and the court erred in its overall assessment of costs. We affirm in part, reverse in part, and remand.

## I.    Background Facts and Proceedings

The sibling parties collectively own 179.61 acres[1] of agricultural real property as tenants in common, each owning an undivided one-fifth interest. The following image is an aerial map of the property.[2]



---

[1] This includes 171.59 acres of tillable cropland and 8.02 waste acres consisting of road rights of way and a pond.

[2] The cutout in the southeast quadrant consists of property owned by a third-party who has traditionally cash-rented the farmland from the parties.

The real estate qualifies as "heirs property," as defined in Iowa Code section 651.1(5) (2019). A wind turbine operated by an energy company is on the northeast quadrant of the property, and the parties receive annual wind easement payments from the company.[3] The property has an above-average corn-suitability rating (CSR2).

The plaintiffs started this partition action in April 2019, requesting partition in kind. In February 2020, on the parties' joint motion, the court entered an initial decree and appointed a referee. The referee later recommended the appointment of three appraisers, which the court approved. In June, based on the three appraisals, the referee filed his opinion that the value of the property was $1,450,600.00, or $8076.39 per acre.[4] Under Iowa Code section 651.28(2), the defendants objected on the grounds that (1) the referee's mean-based reconciliation of the appraisal values included the "materially lower" value reached by Agri-Management; (2) the appraisers did not consider rental price; (3) the appraisers undervalued the turbine on the property; (4) one appraiser used an incorrect tillable-acres figure; and (5) only one of the partition-in-kind proposals

---

[3] The energy company was initially named as a defendant, but it has no ownership interest in the subject property and is not involved in this appeal. The parties agreed the company was merely an interested party in the litigation.

[4] The referee reached these figures by averaging the valuations provided by the three appraisers: $1,481,800.00 by Stalcup Ag Service; $1,500,000.00 by Vander Werff Associates; and $1,370,000.00 by Agri-Management Services. Only the Agri-Management appraisal concluded the wind turbine had an added value of $48,489.51, and that appraisal factored in the income from wind-lease payments into each of its cost, income, and sales-comparison approaches to valuation. Yet, the Agri-Management appraisal remained the low outlier, despite including the wind income. Later, as will be discussed, the referee recommended tacking on the $48,489.51 in added value from the turbine.

considered the value of the turbine, and that proposal used an insufficient value for the turbine's "stream of revenues."

In October, a hearing was held to determine fair market value. In its ruling, the court found the referee and each appraiser was competent in property valuation and, while different valuations were reached by different means, the defendants offered no evidence to show any of the appraisals were not credible or were based on "any significant error." The court accordingly adopted the referee's valuation as the fair market value of the property. *See* Iowa Code § 651.28(4).

In November, the referee submitted a partition recommendation report that revisited the issue of the wind turbine on the property. Two of the appraisers, Stalcup Ag and Vander Werff, concluded the presence of the wind turbine did not increase or decrease the value of the property. The third, Agri-Management, assigned a discount rate of 12% and reached a net present value (NPV) for the future income in the amount of $48,489.51.[5] Based on his assessment, the referee opined the turbine adds value to the property that should be accounted for. After more research, the referee found the 12% discount rate used by Agri-Management was appropriate.

Turning to his recommended options, the referee believed partition into five equal parcels would be unworkable given the property's topography, differing soil quality, the wind turbine, and the parties' mutual desire to no longer deal with one another. So the referee recommended two options, each involving roughly 60%

---

[5] The report explained $158,285.21 would be paid over the remaining twenty-three-year term of the wind easement agreement—with $5,487.45 being paid in 2021 and a "2% annual escalator" thereafter—which will expire in 2043 unless the energy company exercises its option to extend the term for another fifteen years.

of the value of the property going to the three plaintiffs and the remaining approximate 40% of the value going to the two defendants. Option A called for the defendants to be awarded the north 62.00 gross acres, of which 59.00 acres are tillable, and the plaintiffs to be awarded the south 117.61 gross acres, of which 112.59 acres are tillable.[6] The wind facilities would be located on the defendants' portion, and they would be entitled to all future wind easement payments from the energy company.

Based on these figures, a quick number crunch shows the following proportional shares between the parties under Option A:

| Option A | | | | | | |
|---|---|---|---|---|---|---|
| Party | Acres | $/Acre | Acre Value | Wind NPV | Total Value | Proportion |
| Plaintiffs | 117.61 | $8076.39 | $949,864.23 | $0.00 | $949,864.23 | 63.36% |
| Defendants | 62.00 | $8076.39 | $500,736.18 | $48,489.51 | $549,225.69 | 36.64% |

On the parties' joint motion following submission of the referee's report, the court ordered the property to be partitioned in kind pursuant to Iowa Code section 651.30 and set a hearing to determine how that would be accomplished. At the start of the hearing, the parties stipulated to the court's adoption of Option A or a variation of it. The plaintiffs requested Option A "as is," while the defendants agreed Option A would be appropriate if modified to give them more acres. The defendants generally submitted they were entitled to 40% of the total tillable acres—68.64 acres—but Option A only provides them with 59.00 tillable acres. The following aerial map shows the partition under Option A as originally proposed by the referee.

---

[6] Option B is not at issue in this appeal. But, as proposed, it involved the plaintiffs being awarded the north 97.92 gross acres, and the defendants being awarded the south 81.69 gross acres.



The evidence at the hearing fleshed out the following specific details. The southern portion of the property includes three terraces and a 2.36 acre pond. The pond area is outlined in white on the west side of the southern parcel. Two of the terraces are shown by the white outlines running from near the center of the southern parcel, up to the partition line, and then southeast toward the adjoining property. The third terrace is not outlined in white, but the referee explained it is depicted by "what almost looks like a horseshoe . . . in the northwest corner of the south portion." The referee testified he selected this partition line to facilitate all the terraces being located on the south portion of the property.

In his trial testimony, the referee explained the property as a whole has a CSR2 of 75.0, as compared to the local average of 68.8.[7] However, the CSR2 is not uniform across the property. The north portion of the property under Option A

---

[7] According to the referee's testimony, the CSR2 "rating is just an index from five being the lowest and 100 being the highest of the most productive soils in the state of Iowa." Basically, a higher CSR2 makes property more valuable.

has a weighted CSR2 average of 79.8, while the south portion has a weighted CSR2 average of 72.5. The referee explained that while the terraces and pond are considered tillable acres, they cannot be farmed. Based on statistics from 195 auctions in the final quarter of calendar year 2020, the referee testified each additional CSR2 point results in an added value of $128.00. So, multiplying that figure by the north portion's superiority in weighted CSR2 average of 7.3 points, the referee concluded each of the acres on the north property was worth $934.40 more than those on the south property.[8] All things considered, the referee opined Option A was a fair distribution of the property with no further adjustments.

The parties submitted written arguments following trial. In their submission, the defendants argued "additional acres should be added to the northerly parcel containing the wind turbine." They repeated their claim that they should be awarded 40% of the value of total tillable acres, and not doing so would overcompensate the plaintiffs. To equalize any disparity in value if their request for more acres was granted, the defendants suggested they pay the plaintiffs an owelty.[9] The defendants also argued the plaintiffs were not entitled to an award of attorney fees as costs because the matter was contested and the services of the plaintiffs' counsel was not for the benefit of all. The plaintiffs submitted the defendants' calculations were flawed for several reasons, including that the north

---

[8] The referee testified his valuation was conducted in the second quarter of calendar year 2020, and "[t]he dollar-per-CSR2 point was much lower," at that point in time.

[9] "'Owelty' means an equitable remedy in a partition action used to equalize the value of the property a party receives through the payment of a sum of money from a recipient of a higher value property to the recipient of a lower value property." Iowa Code § 651.1(6).

portion of the property has a higher CSR2 and the presence of the terraces and pond on the south property. As for attorney fees and costs, the plaintiffs argued Iowa Code sections 651.22 and .23 authorized an award against the defendants as the losing contestants.

In its decree, the court found the referee's proposal "more persuasive" than that of the defendants. The court reasoned the north property going to the defendants has "a higher yield, [is] generally more tillable, and has an income stream from the wind turbine[]," while "[t]he southern portion received by the plaintiffs has terracing, a pond, and lower yield." So the court partitioned the property in accordance with Option A. Under section 651.23, the court determined the plaintiffs were entitled to a reasonable attorney-fee award, to be taxed as costs. And under section 621.22, the court determined the defendants were the "losing contestants" and assessed all costs of the action against them.

The defendants filed a motion to reconsider, enlarge, or amend, in which they challenged the partition decision, taxing of attorney fees as costs, and overall assessment of costs. Meanwhile, the plaintiffs filed their application for fees and costs and supporting affidavit. Following a hearing, the court denied the defendants' motion to reconsider and taxed $31,039.20 in costs, including attorney and referee fees, against the defendants. The defendants now appeal.

## II.    Standard of Review

An action to partition real property is an equitable proceeding, which we review de novo. Iowa Code § 651.2; Iowa R. App. P. 6.907; *Newhall v. Roll*, 888 N.W.2d 636, 640 (Iowa 2016). Awards of attorney fees and costs are normally reviewed for an abuse of discretion, but our review is for correction of errors at law

when statutory interpretation is involved. *See Guge v. Kassel Enters., Inc.*, 962 N.W.2d 764, 770, 777 (Iowa 2021); *Van Sloun v. Agan Bros., Inc.*, 778 N.W.2d 174, 182 (Iowa 2010).

### III. Analysis

#### A. Partition

Engaging in some mathematical calisthenics, the defendants argue "the court erred in its division of real property because plaintiffs received more than their proportional share of real estate." They basically assert that in trying to account for the defendants' receipt of the turbine income, the plaintiffs were awarded too many additional tillable acres.

The property consists of 179.61 acres in total. This includes 171.59 tillable acres. Based on the three appraisals early on in the proceedings, the property was valued at $1,450,600.00, or $8076.39 per gross acre. The defendants contend that the default partition would involve the tillable acres being divided based on the parties' shares—60% to the plaintiffs and 40% to the defendants. This would result in the plaintiffs and defendants respectively receiving 102.95 and 68.64 tillable acres. Yet, under Option A, the plaintiffs received 112.59 tillable acres, and the defendants received 59.00 tillable acres plus $48,489.51 for the NPV of the wind easement payments.

The defendants provide differing and evolving mathematical arguments to support their claim that the district court erred in its division. Their final solution is an order requiring them to "pay, as owelty, a proportional share of the wind turbine value to plaintiffs" and reducing the tillable acres awarded to the plaintiffs to 107.19, a figure they arrived at through an equation trying to account for the

difference in CSR2 points between the two parcels. We don't need to get out our calculators to check the defendants' math because we find the court's division was equitable and practicable. *See Newhall*, 888 N.W.2d at 640 (noting partition should be both equitable and practicable); *see also* Iowa Code § 651.2.

We reach this conclusion due to several errors in the defendants' mathematical formulations. For starters, the property *as a whole* was initially valued at $1,450,600.00, or $8076.39 per *gross* acre. This figure was reached by averaging the appraisal values from the three appraisers. It is these preliminary figures that the defendants base all of their mathematical formulations upon. But those formulations only account for *tillable* acres, not gross acres. What's more, their proportional formulation based on CSR2 does not factor in shifting tract averages based on changes to Option A, which could not be accounted for unless the referee provided new soil maps and resulting data, which he has not. Further, whether to award owelty payments—the foundation on which many of their formulas are built—is discretionary. *See* Iowa Code § 651.16(4) ("The referee *may recommend* owelty payments as part of the referee's recommendation for the partition in kind." (emphasis added)), (5) ("If the court approves partition in kind subject to owelty payments as recommended by the referee . . . .").

Strictly applying the preliminary figures and division based on gross acres, a proportional 60%–40% split would result in the plaintiffs receiving value of $899,453.95 and the defendants $599,635.97.[10] Applying the figures to the

---

[10] The total value of the property would be the sum of the wind easement NPV of $48,489.51 and the product of 179.61 total gross acres and $8076.39 per acre, equaling a total sum of $1,499,089.92. The plaintiffs' 60% share would be $899,453.95, and the defendants' 40% share would be $599,635.97.

division under Option A, the plaintiffs receive $949,864.23[11] in total value, and the defendants $549,225.69.[12]  This results in a split of 63.36% to plaintiffs and 36.64% to defendants.  But again, these proportional figures are based on the property *as a whole*, and they do not consider how things shake out value-wise after partition.

In reaching his recommendation, the referee specifically considered the value of the separate tracts by factoring in their separate soil qualities and topographical characteristics.  At trial, the referee testified that each of the 62.00 gross acres to be awarded to the defendants had an added value of $934.40 per acre over the 117.61 gross acres to be awarded to the plaintiffs based on the north tract's superior CSR2.  So, according to the referee, the portion of the property going to the defendants had an added value in the neighborhood of $50,000.00— or $57,932.80 to be exact.  With that added value in mind, which doesn't account for the terrace and pond portions of the south tract that cannot be farmed and the ongoing maintenance of the terraces, the value of the parcel awarded to the plaintiffs remains constant at $949,864.23, while the value awarded to the defendants increases to $607,158.49.   This is how the proportions shake out considering the added value to the defendants' property:

| Option A (considering added value) | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party | Acres | $/Acre | Acre Value | Wind NPV | Added | Total | Proportion |
| Plaintiffs | 117.61 | $8076.39 | $949,864.23 | $0.00 | $0.00 | $949,864.23 | **61.01%** |
| Defendants | 62.00 | $8076.39 | $500,736.18 | $48,489.51 | $57,932.80 | $607,158.49 | **38.99%** |

The referee testified the added value to the defendants' property could have been more or it could have been less.  *See Hawk v. Council Bluffs Airport Auth.*,

---

[11] The product of 117.61 gross acres and $8076.39 per acre.
[12] The sum of wind NPV of $48,489.51 and the product of 62.00 gross acres and $8076.39 per acre.

No. 05-0133, 2006 WL 1230010, at *6 (Iowa Ct. App. Apr. 26, 2006) ("Appraisal is not an exact science, but a subjective exercise of professional judgment . . . ."); *see also Wellmark, Inc. v. Polk Cnty. Bd. of Rev.*, 875 N.W.2d 667, 672 (Iowa 2016) ("The valuation of property has never been an exact science."). So a conclusion that Option A results in an equitable proportional split is within the range of the evidence. *Anderson v. Johnson*, No. 03-2045, 2004 WL 2804854, at *2 (Iowa Ct. App. Dec. 8, 20014) ("Equity jurisdiction allows a court the necessary flexibility to determine the equities between the parties."). While the defendants proposed shifting the property line to give them more value, they did not account for practicability, namely the inconvenience of a non-uniform property line and the potential problems with dividing the terraces. On our review, we find the division recommended by the referee and adopted by the district court to be both equitable and practicable, so we affirm the court's division of the property.

## B. Attorney Fees and Costs

This brings us to what seems to be the defendants' primary focus on appeal—the district court's decision to tax the plaintiffs' attorney fees and all costs of the action against them.

We begin with a brief backdrop on recent developments in Iowa partition law. Before July 1, 2018, chapter 651, governing partition, was but a small and vague blip on the Iowa Code. *See generally* Iowa Code §§ 651.1–.6 (2018). It was therefore supplemented by division XII of the Iowa Rules of Civil Procedure. The rules specifically addressed attorney fees and costs. Rule 1.1225 provided: "On partition of real estate, . . . the court shall fix, and tax as costs, a fee in favor of plaintiff's attorney, in a reasonable amount, to be determined by the court." And

rule 1.1224 addressed costs in pertinent part as follows: "All costs shall be advanced by the plaintiff, but eventually paid by all parties proportionately to their interests. Costs created by contests shall be taxed against the losing contestant unless otherwise ordered."

Effective July 1, 2018, the legislature repealed chapter 651 and replaced it with new procedural and substantive partition statutes. *See* 2018 Iowa Acts ch. 1108, §§ 1–33. Effective the same date, the supreme court rescinded division XII of the rules of civil procedure.[13] Subchapter III of new chapter 651 provides special provisions for partition of heirs property, but section 651.22 and .23, contained in subchapter II, govern attorney fees and costs. *See* Iowa Code § 651.32 (providing procedures in subchapter II govern following determination property is to be partitioned). Section 651.23, which displaced rule 1.1225, provides:

> 1. On partition of real property, . . . the court shall order a reasonable fee in favor of the plaintiff's attorney. The fee shall be taxed as costs.
> 2. If the plaintiff is the losing contestant in a contest arising from any partition action, any of the plaintiff's attorney fees relating to such contest shall not be taxed as costs.

---

[13] *See* Iowa Supreme Ct. Order, *In the Matter of Rescinding Division XII of the Iowa Rules of Civil Procedure Relation to Partition of Real and Personal Property, Rules 1.1201–1.1228* (May 21, 2018) ("The 2018 Iowa Legislature passed, and Governor Reynolds signed into law, SF 2175 'Relating to Partition of Property in Kind and Partition of Property by Sale.' The new legislation places all partition procedures in new Iowa Code chapter 651, effective July 1, 2018. New chapter 651 includes substantive and procedural partition provisions now contained in Division XII of the Iowa Rules of Civil Procedure."), https://www.iowacourts.gov/static/media/cms/052118_Order_Rescind_Div_XII_D 0657CB896028.pdf.

Section 651.22, which displaced rule 1.1224, provides, in relevant part, the following:

> All costs related to a partition action shall be advanced by the plaintiff with such costs paid by all parties to the action proportionately to each party's respective interest. A cost created by a contest arising from the partition action shall be taxed against the losing contestant unless otherwise ordered by the court. . . .

With that backdrop in mind, we turn to the defendants' arguments. They argue the district court, in taxing plaintiffs' attorney fees as costs under section 651.23, "failed to follow binding precedent from the Iowa Supreme Court on the award of attorneys' fees in partition cases," specifically our supreme court's decision in *Mahon v. Mahon*, 133 N.W.2d 697, 701–02 (Iowa 1965). That precedent, according to the defendants, allows an award of attorney fees to a plaintiff "*only if* the legal services are for each party's common benefit, and that fees in contested matters should not be awarded as costs." The defendants argue that because the plaintiffs' "counsel provided no arguable common benefit," there is "*no* basis for awarding attorneys' fees" to the plaintiffs.

The defendants read *Mahon* too broadly. Its express holding was "that where, as here, the contest in a partition action relates to a collateral issue for the individual benefit of plaintiff, additional compensation to plaintiff's attorney therefor should not be allowed as part of the costs." *Mahon*, 133 N.W.2d at 702. On its way to that holding, the court did note "that the underlying theory on which fees for plaintiff's attorney in partition are allowed as costs and charged to the various interests is that the services are for the common benefit of all." *Id.* at 701; *accord Newhall v. Roll*, No. 18-0490, 2019 WL 1294452, at *3 (Iowa Ct. App. Mar. 20, 2019) ("Historically, the attorney fees were taxed as costs when no defense was

made, and 'the Legislature did not intend to impose the burden of paying any part of plaintiff's attorney's fees upon the opposing parties who are represented by counsel of their own choosing.'" (quoting *Hawk v. Day*, 126 N.W. 955, 959 (Iowa 1910))). "The reasoning behind the taxing of fees as costs lies in the large proportion of uncontested partition proceedings where the plaintiff's attorney serves the defendants as well as the plaintiff." *Newhall*, 2019 WL 1294452, at *3. But we cannot rely on this historical understanding of attorney fees in partition actions to the exclusion of statutory language, which is where the analysis should begin. *See Calcaterra v. Iowa Bd. of Med.*, 965 N.W.2d 899, 904 (Iowa 2021) ("When interpreting the meaning of a statute, we start with the statute's text.").

So, turning to the words of the statutes, we first observe that the language of section 651.23(1) is mandatory—"the court *shall* order a reasonable fee in favor of the plaintiff's attorney," and the "fee *shall* be taxed as costs." (Emphasis added.) "Because of the mandatory language in the rule, the court has no discretion in determining whether to fix and tax a fee in favor of plaintiff's attorney." *Newhall*, 2019 WL 1294452, at *2. Instead, the "court's discretion lies in determining a reasonable amount for the fee and how much to tax against the losing contestant." *Id.* Thus, in *Newhall*, we rejected the very same argument defendants raise here— that no attorney fees should have been awarded to the plaintiffs' attorney "because the fees were not for a common benefit." *Id.* ("Considering the mandatory language of rule 1.1225, we dismiss Roll's claim that *no* attorney fees should have been fixed and taxed—the court was required to fix and tax a reasonable attorney fee in favor of the plaintiff.").

The defendants are correct that in *Newhall*, we noted the underlying common-benefit theory in discussing the reasonableness of the award. *See id.* But in this case, unlike *Newhall*, the defendants did not challenge the reasonableness of the award in the district court proceedings or on appeal. Instead, they stood on their argument that none of the plaintiffs' attorney fees should have been taxed as costs because there was no common benefit to the parties, an argument that the plain language of section 651.23(1) simply does not support.

This becomes even more apparent when section 651.23(2), which the defendants ignore, is examined. That provision, quoted in full above, specifies that if the "plaintiff is the losing contestant in a contest arising from any partition action," none of the plaintiff's attorney fees "relating to such contest" shall be taxed as costs. Iowa Code § 651.23(2); *accord Tolle v. Tolle*, No. 20-0715, 2021 WL 4593215, at *3 (Iowa Ct. App. Oct. 6, 2021) ("Attorney fees are to be awarded to the plaintiff on partition of real property unless 'the plaintiff is the losing contestant.'"). If the rule was as defendants contend—that "fees in contested matters should not be awarded as costs"—there would be no need for section 651.23(2). *See Little v. Davis*, 974 N.W.2d 70, 75(Iowa 2022) ("As a general rule of statutory construction, we avoid an interpretation . . . of a statute that renders other portions of the statute superfluous or meaningless.").

Nor would there be any need for section 651.22 which, as it relates to costs in partition actions in general, provides that a "cost created by a contest arising from the partition action shall be taxed against the losing contestant unless otherwise ordered by the court." Reading section 651.22 together with section

651.23, we find that the plaintiffs' attorney fees can be taxed as costs against the defendants if the defendants were "the losing contestant" in any "contest arising from the partition action."[14]

This leads us to the defendants' next argument—that the district court erred in finding they were "'the losing contestant in all contests arising in this matter,' and as such all costs should be taxed to them." They initially submit the only "contest" before trial was their objections to the referee's initial appraisal report and, on that issue, they prevailed when the referee ultimately concluded the turbine should have been included in the value of the property.

It's true that among the defendants' objections to the referee's initial opinion of value was their assertion that the "appraisals undervalued the windmill on the property." To the extent that the defendants' objection on this point amounted to a "contest" within the partition proceeding, they lost that contest when the court overruled their objection. Section 651.28 addresses appraising and determining the value of property to be partitioned. That part of the proceeding involves having

---

[14] This conclusion is supported by the official comment to rule 1.224, which noted that the

> Advisory Committee, commenting on Rule 293 [now Rule 1.1224], said: "The first sentence of this rule, except the final clause, is in substance Code 1939, § 12339. The rest of the rule is new. Under Section 12339, as it stood, if any defendant in any way questioned the plaintiff's title, the plaintiff's attorney lost the fees provided for him under section 12340. The allowance of fees to the plaintiff's attorney is based upon the theory that all the owners receive the benefit of his work in preparing the original notices, petition and decree. *The owners do not lose the benefit of these services because a contest occurs.* It is not believed that plaintiff's attorney should lose such fees because a contest does occur, because the fees provided in section 12340 are not fees for services rendered in connection with contests."

(Emphasis added.)

the property value appraised under section 651.12, the subsequent lodging of objections, and then a hearing on and determination of fair market value. *See* Iowa Code § 651.28(1)–(4). That procedure was followed, and the defendants did not prevail on their objections. No party pursued buyout under section 651.29, and the lack of prejudice resulting from partition in kind was not challenged under section 651.30 and.31. After those requirements for heirs property were satisfied, subchapter II of chapter 651 governed.

So the next steps this proceeding progressed to were those contemplated by section 651.16(4) and (5): the filing of a referee report detailing the proposed division and trial on that issue. While the defendants often suggest the referee's report adopted their position on the value of the turbine, thus making them the prevailing party in the earlier contest on fair market value, that's not really what happened. The defendants did not offer a specific position on how the referee should consider the turbine—they only claimed it was undervalued. In reaching a proposed division of the property, the referee conducted an individualized examination of the property, assessed the appraisals done by others, and then formulated an opinion of his own. The ultimate trial on whether to approve, modify, or disapprove the referee's recommendation was certainly a contest, which the defendants agree they lost.

Yet the defendants go on to argue that section 651.22 only authorizes "costs created by a contest" to be taxed against the losing contestant, not all costs incurred were created by a contest, and the court therefore erred in taxing all costs against them. They submit that any costs not arising from a contest should be

"paid by all parties to the action proportionately to each party's respective interest." Iowa Code § 651.22.  We agree.

By default, all costs in a partition action are to be "paid by all parties to the action proportionately to each party's respective interest."  Iowa Code § 651.22. Costs include reasonable compensation for the plaintiff's attorney, appraisers, referees, and attorneys appointed by referees.  *See id.* §§ 651.23(1), .24.  As the defendants correctly point out, only "[a] *cost created by a contest* . . . shall be taxed against the losing contestant unless otherwise ordered by the court."  *Id.* § 651.22 (emphasis added).  But here, the district court taxed *all* costs to the defendants, regardless of whether the cost was "created by a contest."

Although the defendants "lost every contest in this partition action," as the plaintiffs assert, we agree with the defendants that not all costs that arose during the proceeding were attributable to those contests.  As an example, the first supposed contest did not occur until defendants' July 2020 objections to the appraisals and the referee's opinion of market value.  Before then, both plaintiffs' counsel and the referee, not to mention the appraisers, had provided various services that did not arise from contested issues.  For instance, the defendants agreed in their answer to the petition that the property should be partitioned in kind. They did not object to the plaintiffs' motion to appoint a referee, they joined in the plaintiffs' motion for an initial decree under section 651.28, and they did not object to the referee's motion to approve the three appraisers required by section 651.12.

Going back to the statutory language, section 651.23 mandates placing a reasonable fee in favor of plaintiffs' attorney into the pot of costs, *except for* fees that arise from a contest the plaintiff lost.  Section 651.24 places reasonable fees

for referees and appraisers into the pot of costs as well. And section 651.22 addresses who has to pay the pot. By default, all these costs are to be taxed proportionately among the parties. But if there is a contest, any cost attributable to the contest—not *all* costs as plaintiffs suggest—must be taxed to the "losing contestant unless otherwise ordered by the court." Here, the district court taxed all costs against the defendants because they lost the contests in the case, irrespective of whether all costs were attributable to contests.

For these reasons, we vacate the district court's assessment of costs, and we remand to the district court to tax any costs arising from contests to the losing contestant unless otherwise ordered by the court and tax any remaining costs proportionately among the parties. We recognize this may not be easy for the court to sort through, but we believe it is mandated by the language of the controlling statutes.

## IV.    Conclusion

We affirm the district court's division of property and taxation of a reasonable fee in favor of plaintiffs' attorney as costs. But because the court taxed all costs against the defendants irrespective of whether all costs were attributable to contests in the proceeding, we vacate the assessment of costs and remand to the court to tax any costs arising from contests to the losing contestant unless otherwise ordered by the court, with any remaining costs taxed proportionately among the parties.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**