**IN THE COURT OF APPEALS OF IOWA**

No. 14-1622
Filed October 14, 2015

**RUSSELL L. NEWHALL,**
      Plaintiff-Appellee,

**vs.**

**MARCIA ELAINE NEWHALL ROLL,**
      Defendant-Appellant.
_____


Appeal from the Iowa District Court for Hardin and Butler Counties, Gregg

R. Rosenbladt, Judge.


Marcia Roll appeals the district court's judgment ordering the land owned

by Roll and Russel Newhall to be partitioned by sale. **REVERSED AND**

**REMANDED.**



Thomas D. Hanson of Dickinson, Mackaman, Tyler & Hagen, P.C., Des

Moines, for appellant.

Megan R. Rosenberg of Hobson, Cady & Cady, P.L.C., Hampton, for

appellee.



Heard by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

Marcia Roll and her brother, Russell Newhall, each own an undivided, one-half interest in two separate farm properties. Roll appeals the district court's judgment ordering the land be partitioned by sale and not, as Roll requested, partitioned in kind. Roll asserts the court improperly concluded she failed to prove the properties could be "equitably and practicably" partitioned in kind, as set forth in Iowa Rule of Civil Procedure 1.1201(2). We conclude Roll met her burden showing the division—in which she will receive the Butler County land, pay Newhall $75,000, and Newhall will receive the Hardin County property—is both equitable and practicable. Consequently, we reverse the order of the district court and remand for entry of an order consistent with this opinion.

## I. Factual and Procedural Background

Roll and Newhall were both gifted one parcel of land in Butler County and inherited another parcel in Hardin County, Iowa. The Butler County property is 315.3 acres and the Hardin County property is 162.93 acres.[1] Although he now resides in South Dakota, Newhall leases from his sister a portion of the Butler County land, which was their parents' homestead and which he has farmed for approximately forty years. Additionally, he placed three grain bins on the property—making a total of five bins—which his expert valued separately, as

---

[1] Before trial, Roll and Newhall held a remainder interest in forty acres of the Butler County land, subject to a life estate in their mother. After the close of testimony but before the court issued its ruling, the mother died.

personal property.[2]  A portion of the Butler County pasture land is also leased to a third party.

The district court described the parcels in the following manner:

> The Hardin County tract consists of just under 163 acres. Just over 110 of those acres are tillable.  The Hardin County property has terraces located in the northern tillable pasture areas of the tract.  Surface drainage is from west to east.  The tillable acres are tiled.  A creek runs through the Hardin County property. South of the creek the tract is steeply sloping.  The slope continues to the west as it becomes rolling.  Trees fill those rolling acres. Surface drainage is back towards the east and south where the water exits into the creek.  Portions of this land could be utilized for residential lots as the adjoining land acres have scattered new building sites with dwellings.
> The Butler County tract consists of just over 315 acres. Almost 157 of those acres are tillable.  The northern portion of the property is bisected by the west fork of the Cedar River.  The southern portion of the Butler County land is also divided by an abandoned railroad right-of-way.  There is also a building site on the Butler County property, with a house, grain bins, and outbuildings.  There is a gravel driveway to the building site. Tillable pasture acres are located east of the building site and the acres along the river.  Topography of the tillable acres on both sides of the abandoned railroad right-of-way is undulating to gently rolling.  Surface water flows from north to south towards the railroad right-of-way on the acres north of the abandoned right-of way.  The surface drainage for the tillable acres north of the building site is towards the river.  The tillable acres accessed by county gravel road Dodge Avenue is higher in topography and is described as nearly level to undulating.  Drainage is to the west and north to south towards the creek.  The acres along the river are quite susceptible to flooding in years of average to above average rainfall.

Newhall filed a petition for partition of property by sale regarding the Hardin County property on March 15, 2013, and as to the Butler County property on March 18.  The two cases were later consolidated.  Roll answered that the properties should be partitioned in kind or in the alternative, that referees be

---

[2] Roll does not dispute this conclusion and testified she would be amenable to having Newhall retain ownership of the bins.

appointed to oversee a sale. Her strong preference was to retain the Butler County property, and have the Hardin County property go to Newhall, with some manner of equalization as to the value each would receive. Trial on the matter was held on July 10, 2014.

Both parties offered evidence regarding the value of the two properties.[3] Newhall's expert, Charles Wearda, valued the Butler County property at $929,000, the Hardin County property at $778,000, and Newhall's grain bins at $59,000. Wearda favored a partition by sale. With regard to a partition in kind, he testified seventy acres would need to be severed from the Butler County property to equalize the values between the two properties. However, to subdivide the Butler County property in such a manner would diminish the overall value of that property; specifically, he opined the seventy acres allocated to Newhall would be inaccessible, due to both the lack of road access and the fact it has a river running through it. This would force Newhall to gain an easement from a third party neighbor and/or from Roll, through the southern portion of the property. Additionally, Wearda stated Newhall would need to build fences to keep any livestock on his portion of the acreage, and there would not be a natural water source for them in the winter.

On cross examination, Wearda conceded that, to avoid the practicability and the diminished value of severing a portion of the Butler County land, it would be equitable to award Newhall the Hardin County land, Roll the Butler County

---

[3] With respect to the experts, the district court noted: "The Court was very impressed by the work done by each appraiser, as well as their credentials. They were both extremely knowledgeable and experienced. The Court also found their testimony to be very credible."

land, and require Roll to give Newhall an equalization payment of $75,000. This testimony occurred in the following manner:

> Q: You [valued the land] at 4,000 bucks an acre in that 40; right? A: Yes.
>
> Q: All right. Yeah, you've answered the question. So if you took 20 acres of that 40 at $4,000 an acre in that section where the best access is and where you can put a fence right down through the middle of the hay ground, then you've made it even, haven't you, under your calculations? A: No, because that smaller tract becomes an uneconomic unit for somebody to bring in that small number of cows, so it's going to diminish that value of that dividing into much smaller tract in my opinion.
>
> Q: And you're giving him extra acreage because you're giving him $80,000.00 worth of ground by your appraisal as opposed to the 75,000 that would make it absolutely even. Now, that's correct, isn't it? A: The numbers work out that way.
>
> Q: In your numbers you say that Mrs. Roll in order to get even with her brother and if she gets to keep Butler County, owes him $75,000 or 75,500; right? A: That was the subtraction of Butler—from Butler from Hardin.
>
> . . . .
>
> Q: You added the two of them together, you divided them by half and then you subtracted what Hardin County was and it came to 75,500? A: All right.
>
> Q: All right. So that makes him even with her if she gets to keep Butler; right? A: By the numbers.

Roll's expert, Mark Gannon, opined the Butler County land was worth $1,200,000 and the Hardin County land had a value of $620,000. Along similar lines as Wearda, Gannon further testified that, if the land were to be partitioned in kind, an equitable division would be for Newhall to receive the entirety of the Hardin County property, plus the north seventy acres of the Butler County land, with Roll to receive the remainder, which constitutes the majority of the Butler County land. Furthermore, if Roll were to receive the entire Butler County land, she would need to pay Newhall an equalization payment of $75,000.

At trial, Newhall took the position that he would be amenable to a partition in kind if he were to receive the Butler County property:

> Q: Now, are you in agreement with [Gannon's] proposal as it stands?  A: No.
> Q: Now, if he were to reverse the roles and say you got a majority of Butler County and your sister got Hardin County, would you be in agreement with it then?  A: Yes, I have—I have some grain bins on that property and operated that property; so, yeah, I would be in agreement with that.

Evidence of the tax consequences, in connection with the sale of the two properties, was also introduced.  Roll's tax preparer, a certified public accountant, testified a forced sale would cost Roll between $145,000 and $164,000 in capital gains taxes.  Newhall argued these tax consequences could be avoided with a tax deferred exchange under 26 United States Code § 1031 (2013), an assertion that Roll rejected, as it would not leave her with her requested Butler County land.

On September 15, 2014, the district court entered its order finding Roll did not meet her burden of showing a partition in kind would be equitable and practicable.  Specifically, it noted that a partition in kind would involve "too much guesswork in this case."  It also dismissed the idea of having Roll pay Newhall $75,000 in exchange for Roll keeping the entirety of the Butler County land, because of "the widely divergent appraisals."  Consequently, it held the two properties should be subject to a partition by sale through a public auction, unless the parties were to agree to another form of sale.  Roll appeals.

**II. Standard of Review**

We review property disputes, which are tried in equity, de novo. *Spies v. Prybil*, 160 N.W.2d 505, 507 (Iowa 1968). Though the factual findings of the district court are persuasive, we are not bound by them. *Id.*

**III. Partition in Kind**

Roll claims the district court improperly concluded she did not meet her burden showing that an in-kind partition could be equitably and practicably achieved by any of the methods her expert proposed. She argues she established that a partition in kind was more equitable than the sale of the land, and that it was practicable, as both parties would have full use of their respective land to retain or sell. Moreover, Roll noted the Hardin County property came to the parties by inheritance, with a stepped-up basis of $560,000; however, the Butler County property—because it was gifted during the lifetime of the grantors—retained the grantors' basis of $18,000. Consequently, a sale of the Butler County property would trigger significant capital gains tax consequences. However, if Roll were to receive and retain the Butler County property, she would have no tax consequences and Newhall could sell the Hardin County property with little, possibly no tax consequence because of the high basis of that property.

Iowa Rule of Civil Procedure 1.1201(2) states: "Property shall be partitioned by sale and division of the proceeds, unless a party prays for partition in kind by its division into parcels, and shows that such partition is equitable and practicable." The burden is on the party requesting the property be partitioned in kind to show that such a division is equitable and practicable. *Speis*, 160 N.W.2d

at 508. Our case law also counsels "that if a division in kind is impracticable, and cannot be effected without sacrifice in value and to the best interests of all parties, a sale will be ordered and the proceeds divided." *Nehls v. Walker*, 244 N.W. 850, 851 (1932).

## A. Equity

We agree with Roll that her proposed division of the land—in which either (1) Newhall would receive the Hardin County property, plus seventy acres of the Butler County property, with Roll receiving the remaining acres of the Butler County property, or (2) Roll would pay Newhall $75,000 in exchange for retaining the entirety of the Butler County property, with Newhall owning the Hardin County property—is equitable. Each party would receive an equal share of the inherited and gifted property; that is, either a partition of some of the land or a cash equalization, which would result in an equitable allocation between Newhall and Roll. Both experts agreed that either method would result in an equal division of the property. Consequently, Roll established her proposed methods of a partition in kind would be equitable. *See* Iowa R. Civ. P. 1.1201(2).

## B. Practicability

However, the record reflects that, if a partition in kind were to include a division of the Butler County land, it would not be practicable. The reasons for this include the fact Newhall would be required to construct fencing so as to utilize the pasture land. Moreover, any livestock grazing on the land would not have access to a water source during the winter unless a well was dug. The evidence also established that the access problems would devalue the land,

requiring Newhall to gain an easement and/or build a bridge across the river, depending on where the division of land occurred.

However, the solution in which Roll receives the Butler County property, pays Newhall $75,000, and Newhall retains the Hardin County property, circumvents these problems. Iowa Rule of Civil Procedure 1.1201(3) allows this type of division, as it provides: "When partition can be conveniently made of part of the premises but not of all, one portion may be partitioned and the other sold, as provided in the rules in this division." Iowa R. Civ. P. 1.1201(3); *see also Nehls*, 244 N.W. at 851 (noting that, in a partition action, land can be both divided and sold).

Both Gannon and, somewhat reluctantly, Wearda, testified a payment of $75,000 to Newhall would achieve equity, as both parties would receive one-half of the value of the land, under either expert's valuation. Specifically, this solution would avoid the issue of the devaluation of the Butler County land, were it to be allocated to Roll pursuant to Gannon's cash proposal. Moreover, this partition would overcome the practical issues cited by the district court and Wearda—that is, the accessibility and use associated with a subdivision of the Butler County land. *See Nehls*, 244 N.W. at 851 (concluding a partial partition was the only equitable and practicable solution). Consequently, we agree with Roll that she carried her burden of proof, which demonstrated that a partition in kind is both equitable and practicable. *See Speis*, 160 N.W.2d at 508.

For these reasons, we reverse the order of the district court ordering the sale of the land, and we remand for entry of an order consistent with this opinion.

**REVERSED AND REMANDED.**

Tabor, J., concurs; Danilson, C.J., dissents.

**DANILSON, Chief Judge.** (dissenting)

"Not me."[4]  I dissent because the majority relies upon the answer to one question by Newhall's expert and disregards the same expert's appraisal and testimony that the two properties have a $580,000 differential in value.  If Newhall's expert is correct on the values, Roll is going to walk away with a parcel of land having a $580,000 greater value simply by paying a minuscule sum of $75,000.  Moreover, Newhall has been farming the Butler County parcel for approximately forty years.  I would affirm the district court because, as it observed, there are "widely divergent appraisals" and only a sale is equitable to both parties.  Neither party should be favored over the other owner.  A sale would equally divide any proceeds and give both parties an opportunity to bid on the properties.  Any tax consequences can be resolved through a 1031 exchange.

---

[4] *State v. White*, 587 N.W.2d 240, 247 (Iowa 1998) (Harris, J., dissenting).