## METCALF AND SIMPSON v. HOOPINGARDNER.

1. **Partition**: SALE OF COMMON PROPERTY: JURISDICTION. Where property owned in common cannot be equitably divided, it is competent for the court to direct, in an action for partition, that the common property be sold and the proceeds divided.

2. ———: TENANT IN COMMON: PARTIES. Where one of the tenants in common had covenanted to keep the property in repair, the allegation that he has been guilty of a breach should be tried in the action for partition, and the holder of a judgment against one of the tenants in common should be made a party to the action.

*Appeal from Hardin Circuit Court.*

WEDNESDAY, APRIL 4.

THIS action is for the partition of a grist mill. It is alleged that plaintiffs are the owners of the undivided one-half of the property, and that the defendant is the owner of the other undivided one-half. There is an abstract of title exhibited with the petition, which shows that there is a mortgage executed by plaintiffs upon said property which is unsatisfied, and that there is a judgment lien as against defendant, and also a mechanics' lien, and certain delinquent taxes. It is averred in the petition that the property has been in possession of plaintiffs, they having leased defendant's interest; and that during said tenancy plaintiffs at their own expense erected a small dwelling house for the use of their miller, and also a corn-crib and about fifty rods of fence around a hog lot, and that there are certain machines in the mill which are wholly the property of the plaintiffs. It is asked that plaintiffs be permitted to remove this property, it not being any part of the real estate owned in common by the parties. It is further averred that said mill property is indivisible, and that the only partition that can be made is by a sale and division of the proceeds. The prayer is that the plaintiffs be permitted at any time during their occupancy to remove the said property which they claim to be theirs absolutely, and that, in case the court shall find that the common property cannot be

advantageously divided into the requisite shares, the same may be ordered to be sold.

The answer admits that the plaintiffs are the owners of one undivided half of the property, and that defendant is the owner of the other undivided one-half; alleges that plaintiffs' interest is encumbered by a mortgage of $2,300, for purchase money; that by the lease made by defendants to plaintiffs they were to keep the mill in good repair, and that they suffered it to get out of repair; that it will require an expenditure of from $200 to $400 to put the mill in as good repair as by their lease the plaintiffs were required to have it, at the expiration of their lease. The answer protests against the right of plaintiffs to have a partition of the property by sale, and avers that there is no authority or power in the court to compel a sale of defendant's interest in the property.

There was an order of sale made upon the petition and answer without any evidence being taken. The order permits the plaintiffs to remove from the premises the property claimed in the petition as the individual property of plaintiffs. Defendant appeals.

*E. W. Eastman*, for appellant.

*C. N. Nagle* and *Huff & Reed*, for appellees.

ROTHROCK, J.—I. The petition and answer contain many allegations which in our view of the case are redundant and

1. PARTITION: sale of common property.

irrelevant. They consist of allegations as to the ability and inability of the parties to agree, as to the necessity of repairs, the time when the mill was erected, when plaintiffs bought their interest, and as to whether the parties can or cannot harmoniously operate the mill together. Much of the argument of counsel for appellant is in support of the proposition that there is no constitutional power to require a partition to be made by a sale of the common property and a division of the proceeds.

Section 3290 of the Code provides that the court shall appoint referees to make partition into the requisite number of shares, or if it is apparent, or the parties so agree, that the

property cannot be equitably divided into the requisite number of shares, a sale may be ordered.

It appears from the petition and answer in this case that the property cannot be equitably divided, and so far as the practicability of a division is involved no question is made.

The power of the legislature to provide that the shares of all the parties shall be sold, where a division of the land cannot be made, has been too long acquiesced in to be now called in question. We think the owner of an undivided interest in real estate has the right at any time to have partition made; and, if the premises cannot be divided by metes and bounds, he has a right to compel a sale, that he may have and hold his interest in the proceeds in severalty.

Such a proceeding is not depriving a party of his property without due process of law. When parties, by contract, assume the relation of tenants in common in real estate, the law fixes their respective rights, one of which is that the partnership may be dissolved, so to speak, and that if necessary the common property may be sold and the proceeds divided.

II. The Code, Sec. 3277, provides that the action for partition shall be by equitable proceedings. The answer in this case sets up that rents are due to the defendant, and that the plaintiffs, while in possession under the lease, allowed the mill to become out of repair to the extent of from $200 to $400, for which they are liable under their lease. The court below should have heard the parties upon these allegations. Equity demands that the rights of the parties be ascertained; and the defendant was entitled to have a hearing upon the allegations of his answer.

2. ——: tenants in common: parties.

The abstract of title shows that there is a lien upon the undivided one-half of plaintiffs' share for the purchase money. It is true this lien purports to be on the whole property, but as the mortgage was not executed by the defendant it cannot affect his interest. The abstract further shows that there is a judgment lien against the interest of the defendant. It is required, by section 3287 of the Code, that if the lien be upon one or more undivided interests the holder thereof shall be made a party. This has not been done. The lienholders

should have been made parties, and an account of the amount due on their liens should have been taken, before the order of sale was made. There is a manifest propriety in that proceeding. It is evident that if the amount of the liens be ascertained before sale, and provision be made for their payment by the decree, a purchaser will know just the extent of the liens, their rate of interest, and interest of the respective parties, and the court will be prepared upon the coming in of the report of sale to make such order as will protect all parties.

The cause will be reversed and remanded, with leave to the plaintiffs to make the lienholders parties (if such liens still exist), in order that an account of the liens may be taken. And the parties should be allowed to present their respective claims for improvements, and for violation of the provisions of the lease, and their rights should be adjusted before an order of sale is made.

REVERSED.