## BRANSCOMB v. GILLIAN.

1. **Partition:** POWER OF COURT TO ORDER SALE. In an action for partition the court is justified in ordering a sale of the property, although it is capable of being equally divided, if such division will greatly depreciate its value.

*Appeal from Jones District Court.*

TUESDAY, DECEMBER 14.

THE plaintiff and the defendant are the owners of a farm of 160 acres, which is incumbered by a mortgage of $2,000. The plaintiff commenced this action for partition, and aver-

red that a division of the land could not be made "without great' loss to both plaintiff and defendant," and prayed for an order of sale, and a partition or division of the proceeds. The defendant, in her answer, alleged that said premises could be equitably divided into the requisite number of shares, and that she was unwilling to sell her interest therein, and prayed for a partition of the land, that she might hold her share in severalty.

The court appointed three referees, who, upon an examination of the premises, reported that partition thereof could not be made without great prejudice to the owners thereof. Thereupon the parties introduced evidence upon the question at issue, and the court found that the premises could not be equitably divided, and made the usual order of sale provided for in such cases. Defendant appeals.

*E. Keeler*, for appellant.

*Remley & Ercanbrack*, for appellee.

Rothrock, J.—I. The court was fully justified in finding from the evidence that the land was so situated with regard to

1. PARTITION: power of court to order sale.

its improvements, and other considerations, that a division thereof between the parties would very much diminish the value of each share. But it is claimed that the evidence shows that a division can be made by which the two parts will be of equal value. This may be correct, and yet the court was warranted in finding that the parts, taken separately, would be of very much less value than the whole tract taken together. Section 3289 of the Code provides that a sale may be ordered if it is apparent "that the property cannot be equitably divided into the requisite number of shares." If by a partition the value of all the shares would be much less, by reason of the partition, than the value of the whole tract as an entire farm, a partition would be manifestly inequitable. What is said in *Cooper v. Cedar Rapids Water Power Co.*, 42 Iowa, 398, with refer-

ence to the practicability of a partition, has no application to a case like this. That was an action to partition a water-power. Neither party asked nor desired a sale of the property, and a division and partition of the proceeds. The facts in the case were peculiar to that character of property, as will readily be seen.

II. Appellee presents a motion asking that damages be assessed by this court against the defendant because, as is alleged, this appeal was taken for delay. The motion must be overruled. It is only where a judgment or order for the payment of money is appealed from, or where the damages can be accurately known to this court, without an issue and trial, that we are authorized to make such an award. Code, §§ 3195, 3196.

AFFIRMED.