H. L. NEHLS, Appellant, v. PEARL M. WALKER et al., Appellees.

No. 41544.

OCTOBER 25, 1932.

Crissman, Linville & Bleakley, for appellant.

McCoy & McCoy, for appellee Lester Butler.

Devitt, Eichhorn & Devitt, for appellee Max E. Heitsman.

STEVENS, C. J.—The appellant is the owner of an undivided 6/45ths interest in a 160-acre tract of land in Mahaska county. The title to the remaining 39/45th is in the heirs of Magdalene Heitsman, deceased, whose estate is in process of administration. The interest of appellant was obtained by purchase from the beneficiaries of the will of J. C. Heitsman and is not involved in the estate of Magdalene and is not liable for the debts of her estate. Prior to the commencement of this action, the administrator of the Magdalene Heitsman estate had been authorized and directed by the court to sell the 39/45ths interest of which she died seized, for the pur-

pose of obtaining funds with which to pay the claims duly presented and allowed against her estate. It is conceded by all parties that the personal property of the estate is insufficient for that purpose. The court found that it was without jurisdiction to partition the undivided 39/45ths interest of the heirs of Magdalene Heitsman in kind for the reason that it was in the hands of the court for the use and purpose of paying the debts of Magdalene Heitsman, and already ordered sold.

In harmony with this finding, the court decreed that the land in controversy be sold intact and appointed the administrator of the Heitsman estate as referee to make sale of appellant's interest therein. The decree makes provision for the distribution of all the proceeds of the sale. The court did not, in terms, find that the land, if unaffected by the claims allowed against the estate of Magdalene Heitsman, could not be equitably divided in kind. The decision was rested upon the proposition that partition of the undivided interest of the heirs of Magdalene Heitsman could not be made subject to the payment of the claims of creditors. The sole question, therefore, before the court for decision is: Was appellant, under the record, entitled to have his undivided 6/45ths set off to him in kind, and was it error for the court to appoint the administrator of the Heitsman estate referee with authority to sell the entire tract and divide the proceeds according to law?

The law appears to be definitely settled in this state that partition will not be granted in kind by the court where a sale has previously been authorized and the administrator or executor directed to sell real estate for the purpose of paying the claims of creditors. In such situation, the exact interest of the heirs cannot be determined and partition in kind effected. Thomas v. Thomas, 73 Iowa 657; Mullinnix v. Brown, 151 Iowa 468; In re Estate of Collins, 207 Iowa 1074. The rule thus established is not, however, determinative of the question before us. The interest of appellant is held by him wholly free from the claims against the estate of Magdalene Heitsman or the owners of the respective tracts subject thereto, but as a tenant in common. The most favorable decree the court could have entered in his favor would have been to provide for the setting off of his 6/45ths interest in kind. There would, in such case, have been no partition of the remaining 39/45ths.

The law is equally well settled in this state that if a division in kind is impracticable and cannot be effected without sacrifice in

value and to the best interests of all parties, a sale will be ordered, and the proceeds divided. Branscomb v. Gillian, 55 Iowa 235; Rice v. Rice, 147 Iowa 1; Porter v. Wingert, 195 Iowa 317.

Appellant recognizes these rules, but insists that the record is utterly devoid of any testimony even tending to show that the interest of appellant may not be equitably set off and without impairment of the value of the remainder of the tract. No direct testimony appears to have been taken on this point. The land lies in a body, and the record contains no description of it, nor does it disclose what improvements, if any, there are thereon, or on what part thereof, if any, they are located. The land is traversed by the right of way of the M. & St. L. Ry. Co. A high line and a highway have recently been locate across some part of the tract. Whether the availability of the tract for just and equitable partition in kind is seriously affected by these matters we are not advised; that they are entitled to some probative weight will not be denied. It seems to this court that, under the circumstances of this case, in which, as already detailed, the interests of creditors are directly involved in the undivided 39/45ths of the tract, the court might well have concluded that a sale of it in a body would best preserve and protect the respective interests of all concerned. Partition by setting off the interest of appellant only in kind was the most that could have been accomplished by the court in any event. The so-called primary right of appellant to partition in kind does not exist if this cannot be equitably done and without impairment of the interests of others. It seems to us that the burden was upon appellant, under the facts of this case, to show that, notwithstanding that partition of the interests of the heirs of Magdalene Heitsman could not be made, nevertheless his interest could be set off in kind without undue impairment of the value of the rest of the tract. The situation is not the usual one in which the interest of each of the parties may be ascertained and set off in kind. It must be confessed that the record is meager and quite unsatisfactory as to the feasibility of partition of the tract in kind. It is obvious, however, that full equitable relief in favor of all undivided interests could not have been made. Partial partition only could have been decreed. Considered as a whole, the record satisfactorily shows that the most just, equitable and satisfactory adjudication of the issue that could have been accomplished was the one adopted by the court. Of course, the decree of the court contemplates that the land will be sold thereunder, and under the

order in probate as a whole only, and not in parcels. Appellant's rights are fully conserved and protected thereby. The decree is affirmed.—Affirmed.

Evans, De Graff, Albert, and Kindig, JJ., concur.