NELL MURPHY et al., Appellants, v. D. W. BATES, Superintendent of Banking, et al., Appellees.

No. 44013.

November 16, 1937.

W. F. Murphy and A. J. Shaw, for plaintiffs, appellants.

Fred L. Stevens, Henry Negus, and A. O. Leff, for defendants, appellees, C. Bothell and Blanche Bothell.

J. M. Otto, R. C. Davis, and Messer & Nolan, for defendant, appellee, D. W. Bates, Receiver.

ANDERSON, J.—There is no controversy as to the shares of the respective parties in the land involved in this action. It is conceded, and the trial court so found, that the plaintiffs, Nell Murphy and Bertilla Murphy, are each the owner of an undivided two-ninths and that plaintiff, M. P. Fitzpatrick, is the owner of an undivided one-ninth, and also that the defendant, C. Bothell, or C. H. Bothell, is the owner of an undivided four-ninths interest in the property involved in this action. The only

question involved in the appeal is that the trial court erred in its finding that the property could not be equitably divided and ordering a sale thereof.

Section 12326 of the Code provides that in an action of partition "the court shall appoint referees to make partition, unless the parties agree to a sale of the property, or where it is shown that the property cannot be equitably divided into the requisite number of shares, a sale shall be ordered."

■■■ It is suggested by appellants that the court, in the first instance, should appoint referees under the provisions of the statute, and that the question as to whether the property can be equitably divided should be determined by the court after the referees have made their report, and that the court should not determine, in the first instance, the question as to whether the property could be equitably divided. There is no merit in this contention of appellants. It is true the court might appoint the referees, in the first instance, but the better practice, and that uniformly followed in this state, is for the trial court to determine, in the first instance, where a showing is made, that a division in kind cannot be equitably made and order that the property be sold and the proceeds divided. This proper practice was followed by the trial court.

■■■ The parties attempted to join issue on the question as to whether the property should be partitioned in kind or sold, and this was the only matter upon which evidence was taken and which was submitted to the trial court. The evidence shows that the farm in question had been occupied and farmed as one farm for a great number of years; that an arterial highway has been located and constructed diagonally across the farm; and that the farm is also traversed by a secondary road, resulting in cutting the farm into several tracts separated by these highways. The buildings estimated to be of the value of $2,500.00, a deep well and other improvements are situated upon one of the several tracts of land. There is a wide difference in the value of the respective pieces of land varying, according to the witnesses, from $35 to $135 an acre. Part of the farm is very near to the town of North Liberty. One of the three principal tracts of the land and the one upon which the buildings and improvements are situated consists of approximately seventeen acres; another tract consists of sixty-three acres; and another tract of sixty-one acres, all triangular and irregular by reason of the diagonal

intersecting highways. There is evidence from disinterested competent witnesses that the land cannot be equitably divided; that if a division was attempted or made, that the various tracts would be of a less aggregate value than the entire tract would be if undivided. There was no evidence to the contrary. We have held that even though the property could be equitably divided, yet, it should be ordered sold where such a division would depreciate its aggregate value. Todd v. Stewart, 199 Iowa 821, 202 N. W. 844; Snyder v. Snyder, 211 Iowa 445, 233 N. W. 498; Nehls v. Walker, 215 Iowa 167, 244 N. W. 850.

It might be here noted that the plaintiffs are claiming and consenting that their aggregate shares amounting to five-ninths of the whole should be set off to them without division· as between the three plaintiffs, and that the four-ninths interest of the defendant, Bothell, should be set off to him in kind, but this does not change the situation. We are of the opinion that the evidence clearly demonstrates that the farm should not be divided or partitioned in kind, and that the trial court was right in so finding and decreeing.

The court had jurisdiction of the subject matter and of the parties and its determination of the fact question submitted to it is amply supported by the record and must be and is affirmed. Appellees' motion to dismiss the appeal for failure on the part of the appellants to conform to the rules in perfecting their appeal is overruled.—Affirmed.

HAMILTON, C. J., and MITCHELL, KINTZINGER, DONEGAN, PARSONS, RICHARDS, STIGER, and SAGER, JJ., concur.