Gladys Ann **SPIES**, Appellee,

v.

Howard J. **PRYBIL**, Park National Bank, **Appellants**,

**Frantz Construction Company, Inc.,** Intervener.

**No. 53007.**

Supreme Court of Iowa.

July 18, 1968.

Rehearing Denied Nov. 12, 1968.

Swisher & Swisher, Iowa City, for appellants.

Ries & Osmundson, Iowa City, for appellee.

LeGRAND, Justice.

This is an action in partition involving real estate owned by Rudolph J. Prybil at the time of his death on December 6, 1960. Although Park National Bank is named as a defendant and Frantz Construction Company, Inc. became party to the suit by intervention, the real combatants are Gladys Ann Spies and Howard J. Prybil, children of the decedent, each of whom acquired an undivided one-half interest under his will in a 100-acre farm in Johnson County, Iowa, the subject matter of this litigation.

Park National Bank was made a defendant because it held a judgment against Howard J. Prybil. The evidence discloses, however, that this judgment has been satisfied. Park National Bank has no interest in this matter, and we make no further reference to it. Frantz Construction Company, Inc. intervened as contract purchaser of plaintiff's undivided one-half interest in the real estate in question. As far as this appeal is concerned, its interests are identical with those of plaintiff.

Plaintiff's petition asks that the real estate be sold and the proceeds distributed between her and her brother. Defendant resisted partition in any form, relying principally upon an alleged agreement with his sister that neither would seek partition. In event of partition, however, defendant specifically prayed that it be in kind by division into parcels, which would be "equitable and practical."

The court ordered partition by sale and distribution, finding it would be inequitable and impractical to partition the real estate in kind. Plaintiff and defendant were each decreed to be the owner of an undivided one-half interest in said real estate, plaintiff's interest being subject to her contract with Frantz Construction Company, Inc. The interest of each was "confirmed, quieted, and established· subject to such liens as may hereinafter be established." Defendant appeals, asserting he was entitled to a partition of the real estate in kind

and it was error for the trial court to order otherwise.

Before considering the merits of this appeal, we discuss briefly two procedural matters, one raised by plaintiff and the other by defendant. Plaintiff insists we should not consider defendant's appeal because he did not properly raise the issue of partition in kind under rule 278, Rules of Civil Procedure, which provides that property shall be partitioned by sale and division of proceeds unless a party prays for partition in kind. Plaintiff argues defendant did not ask for this relief from the trial court. We find no merit in this contention. In his amended answer defendant asked "that if any partition be made, it be a partition in kind by its division into parcels. That such partition is equitable and practical." He repeated this in almost identical language in his prayer. We find the issue was sufficiently raised by defendant's amended answer and it is properly before us now.

The other procedural matter involves defendant's reliance upon an alleged contract between him and plaintiff, by the terms of which he claims they agreed to forego partition proceedings and to reach a decision concerning disposition of the real estate by mutual agreement. Much was made of this claim before trial. Defendant attached the agreement to his answer by way of exhibit. He filed a motion to dismiss based upon its contents. The motion was over-ruled and the trial court's order contained this provision, " * * * The question of an agreement to dismiss is a matter which requires proof and goes to the merits of the case and cannot be raised by motion."

Despite this ruling and despite defendant's eagerness to raise the question by motion, he made no attempt to prove the contract upon the trial of the case. The alleged agreement, which had been put in issue by plaintiff's reply, was not introduced into evidence nor was there any testimony concerning its terms or effect.

The record is completely silent on this matter. Under such circumstances we conclude the alleged agreement is not now before us.

I. This brings us to the real—and the only—question in the case: Was defendant entitled to a partition of this real estate in kind rather than by sale? Rule 270, R.C. P., provides for the partition of real or personal property by equitable proceedings. This appeal is de novo and we repeat again the familiar rule that we give weight to the fact findings of the trial court but are not bound by them. Rule 344(f) (7), R.C. P.

Prior to the adoption of the Rules of Civil Procedure, section 12326, Code of Iowa, 1939, (and prior Codes) provided, when partition was ordered, the court should appoint referees to make partition "unless the parties agree to a sale of the property, *or where it is shown that the property cannot be equitably divided into the requisite number of shares, a sale shall be ordered.*" (Emphasis added.)

The Rules of Civil Procedure became effective July 4, 1943, and rule 278 thereof provides, "Property shall be partitioned by sale and division of the proceeds, unless a party prays for *partition in kind by its division into parcels, and shows that such partition is equitable and practicable. * * *.*" (Emphasis added.)

An advisory committee comment to rule 278, R.C.P., appearing in Cook's Iowa Rules of Civil Procedure, page 339, calls attention to this "change in emphasis." Before the adoption of the rules, partition *in kind* was decreed unless there was an affirmative showing this could not be equitably done. After the adoption of the rules, partition *by sale* was provided for unless a party should both ask for partition in kind and show that such partition would be equitable and practicable.

Much of appellant's brief is devoted to the argument plaintiff did not sustain her burden of proving partition in kind

was equitable and practicable. She had no such burden. Defendant is the party who sought partition in kind. The rule is clear that he, not plaintiff, must show such partition to be equitable and practicable, if partition by sale is to be denied plaintiff. There is surprisingly little authority on this matter. The general rule, both at common law and by statute, favors partition in kind. 40 Am.Jur., Partition, section 83, page 72; 68 C.J.S. Partition § 125, page 186. This is no longer true in Iowa, however. The rule already referred to is unequivocal in favoring partition by sale and in placing upon the objecting party the burden to show why this should not be done in the particular case.

All of the cases cited by defendant to support his contention were decided prior to the adoption of the Rules of Civil Procedure. They no longer offer support for defendant's position, but they are of some help in showing what is important in determining whether partition in kind should be made. In Porter v. Wingert, 195 Iowa 317, 319, 190 N.W. 330, 331, we said, " * * * It appears from the record that the tract consists of approximately 143 acres of land, part of which is improved and part of which is not improved; but how much there is, or the respective values of each kind, does not appear. It appears that there are improvements, consisting of a house and barn and a few other buildings, on the premises; but how these are located, and the value thereof, is not shown.

"Upon the record made the court did not err in holding that the property could not be equitably divided in kind and in decreeing a sale thereof. *If the appellant intended to seriously contend before the trial court that the property was capable of partition in kind, and should be so divided, the meager evidence in the record is wholly insufficient to support such contention.* On the other hand, it is quite apparent that, with the entire tract encumbered by three mortgages, one of which was due and another in default on interest, a partition of the physical property might work a great injustice, and be wholly impracticable. The court had no power in this proceeding to in any way apportion or divide the mortgages, which cover the entire tract, and a physical partition of the property would leave the tract apportioned to each party encumbered by the mortgages which covered the entire tract." (Emphasis added.)

■ This language is peculiarly applicable to the circumstances in this case. Here there is no evidence to support a finding that partition in kind would be equitable or practicable except the unsupported statement of defendant that it could be done. There is testimony that the real estate is improved by a house, a machine-shed, and corn crib, but nothing as to their value nor as to how the whole tract could be partitioned in kind to strike an equality of interest and yet achieve an equitable and practicable result. There is strong suggestion that a division of the property might result in serious drainage problems for one part or another.

Perhaps the difficulty lies in the fact defendant mistakenly put the burden of proof on plaintiff. Be that as it may the record discloses no serious effort on defendant's part to support his present claim that partition in kind was both equitable and practicable. As in the Porter case, here, too, there is only "meager evidence" to support defendant's contention.

As bearing generally on this matter, although not precisely in point, see Todd v. Stewart, 199 Iowa 821, 202 N.W. 844; Snyder v. Snyder, 211 Iowa 445, 233 N.W. 498; Murphy v. Bates, 224 Iowa 389, 276 N.W. 29; Nehls v. Walker, 215 Iowa 167, 244 N.W. 850.

II. One other matter should be mentioned briefly. Two of defendant's judgment creditors filed petitions, one before the partition decree was entered and one after, seeking assurance their liens would be protected. The decree provided that the referee appointed therein should report any proposed sale and deed to the court for ap-

proval. It provided further that the referee should pay certain specified items and distribute the remaining proceeds, one-half to plaintiff and one-half to Howard J. Prybil "subject to the payment of any liens established against any portion." The court reserved jurisdiction to make any further order necessary to carry out the provisions of the decree. Rule 280, R.C.P., provides the court may determine the priority or validity of any lien. This may be done by supplemental decree after sale by the referee. See advisory committee comment, Cook's Iowa Rules of Civil Procedure, page 348. In case of dispute, rule 280, R.C.P., and the court's specific retention of jurisdiction, would permit the court to determine and adjudicate the priority, validity and amount of any claimed lien. We believe the decree sufficiently protects the rights of all interested parties.

It is apparent from what we have said that we find defendant has failed to show partition in kind was either equitable or practicable, and we hold, therefore, the trial court's decision was right.

Affirmed.

All Justices concur.