# IN THE COURT OF APPEALS OF IOWA

No. 18-0490
Filed March 20, 2019

**RUSSELL L. NEWHALL,**
  Plaintiff-Appellee,

**vs.**

**MARCIA ELAINE NEWHALL ROLL,**
  Defendant-Appellant.
_____

Appeal from the Iowa District Court for Hardin County, Gregg R. Rosenbladt, Judge.

The parties appeal and cross-appeal the district court's attorney fee award in a partition action. **REVERSED AND REMANDED.**

Thomas D. Hanson and Jesse R. Johnston of Dickinson, Mackaman, Tyler & Hagen, P.C., Des Moines, for appellant.

Megan R. Rosenberg of Cady & Rosenberg Law Firm, P.L.C., Hampton, for appellee.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Marcia Roll appeals and Russell Newhall cross-appeals the district court's decision to tax half of Newhall's trial and appellate attorney fees to Roll. We find the court erred in taxing plaintiff's appellate attorney fees as costs and made no finding as to the reasonableness of Newhall's trial attorney fees. We reverse the decision of the district court and remand for further proceedings.

## I.      Background Facts & Proceedings.

Roll and Newhall are biological siblings and were tenants-in-common owners of two farm properties in Hardin County and Butler County. In 2013, Newhall filed partition actions against Roll on both properties. Newhall requested partition by sale; Roll requested partition in kind, claiming emotional attachment to the family property in Butler County. The district court determined Roll did not prove partition in kind would be equitable and practicable and ordered partition by sale. Roll appealed. We reversed the ruling on appeal, finding partition in kind to be equitable and practicable with an equalization payment. *Newhall v. Roll*, No. 14-1622, 2015 WL 5965205, at *4 (Iowa Ct. App. Oct. 14, 2015). The Supreme Court vacated our decision, affirming the district court. *Newhall v. Roll*, 888 N.W.2d 636, 644 (Iowa 2016).

Newhall's trial and appellate attorneys filed applications for attorney fees in the respective amounts of $17,555.15 and $19,530.00. The trial attorney, Megan Rosenberg, initiated the partition action and represented Newhall before the district court and on appeal before the Court of Appeals. Her requested fee includes necessary filing fees and title-related payments. Newhall retained appellate counsel Mark McCormick solely for the further review application and argument

before the Iowa Supreme Court. In May 2017, the properties were sold at auction in which Newhall and Roll were the only bidders; Roll purchased both properties, with the Butler County property selling for nearly double its appraised value. In November, the court held a hearing on the referees' report of the property sale, two referees' charges, referee attorney fees, and a request for attorney fees by Newhall's counsel. On January 19, 2018, the court ordered the parties to each pay one referee's charge, the parties to split the referee's attorney fees, and Roll to pay one-half of Newhall's attorney fees. Roll filed a motion to amend, which the court denied. Newhall's trial attorney filed an additional affidavit for attorney fees, which Roll moved to strike; the court did not rule on the motion prior to the current appeal. Roll appeals the January 19 order. Newhall cross-appeals seeking the full amount of attorney fees.

## II. Standard of Review

Both parties state we should review the award de novo because partition actions are equitable proceedings. Iowa R. Civ. P. 1.1201(1). However, the court rule governing attorney fees in real estate partitions specifically directs the court to determine "a reasonable amount" of plaintiff's attorney fees to fix and tax as costs. Iowa R. Civ. P. 1.1225.[1] "Costs created by contests shall be taxed against the losing contestant unless otherwise ordered" by the court. Iowa R. Civ. P. 1.1224. All other costs are paid by all parties in proportion to their interest. *Id.*

---

[1] As of July 1, 2018, Division XII of the Iowa Rules of Civil Procedure governing partition of real and personal property were rescinded and replaced with statutory partition procedures found in chapter 651 of the Iowa Code. *See* 2018 Iowa Acts ch. 1108. Because the entirety of the partition action preceded the change, the Rules and related case law on partition attorney fees apply rather than the new statutes.

Rules 1.1224 and .1225 clearly place both determining the amount of reasonable plaintiff's attorney fees and where to tax those costs in the court's discretion. Therefore, although partition actions are equitable proceedings, our review of attorney fees awarded in a partition action is for an abuse of discretion. *See Mahon v. Mahon*, 133 N.W.2d 697, 700 (Iowa 1965). We presume the district court's discretionary decisions, including an attorney fee award, are correct until shown otherwise by the complaining party. *Lee v. State*, 906 N.W.2d 186, 194 (Iowa 2018).

### III.    Merits

The district court had to make two determinations under the rules: (1) what was a reasonable amount of plaintiff's attorney fees to tax as costs, and (2) against whom to tax the costs. Roll primarily focuses on the first question, claiming the court should have answered "none" because the fees were not for a common benefit. Newhall's appeal focuses on the second question, claiming all his attorney fees should have been taxed against Roll.

Rule 1.1225 states "the court shall fix, and tax as costs, a fee in favor of plaintiff's attorney, in a reasonable amount, to be determined by the court." Because of the mandatory language in the rule, the court has no discretion in determining whether to fix and tax a fee in favor of plaintiff's attorney. *See Lee*, 906 N.W.2d at 197. The court's discretion lies in determining a reasonable amount for the fee and how much to tax against the losing contestant. Iowa Rs. Civ. P. 1.1224, .1225. Considering the mandatory language of rule 1.1225, we dismiss Roll's claim that *no* attorney fees should have been fixed and taxed—the court was

required to fix and tax a reasonable attorney fee in favor of the plaintiff. Instead, we look to the reasonableness of the fees.

Both parties claim the court did not determine the reasonableness of the fees it assessed. The burden of proof is on an applicant "to show the reasonable value of the necessary services rendered." *Gabel v. Gabel*, 117 N.W.2d 501, 503 (Iowa 1962). Although the court noted, "the issues presented in this case were not clear cut, and were highly contested, resulting in extensive litigation," it did not expressly find the attorney fees to be reasonable. Newhall's attorney for the trial and initial appeal requested $17,555.15 in attorney fees, and his counsel for the application for further review before the Iowa Supreme Court requested $19,530 in appellate attorney fees. The court taxed half of all Newhall's attorney fees as costs and assessed them against Roll. Newhall claims all his trial, appellate, and post-trial attorney fees, now amounting to $42,436.60,[2] are reasonable and the district court acted arbitrarily in only taxing half of the already-accrued fees as costs.[3] It is not entirely clear if the court found only half of Newhall's attorney fees were reasonable under rule 1.1225, or if it found the entirety of the attorney fees reasonable and only taxed half against Roll under its 1.1224 discretion.

"The court is an expert on what are reasonable attorney . . . fees." *Gabel*, 117 N.W.2d at 503. In deciding what constitutes a reasonable attorney fee, the district court considers several factors, including "the time necessarily spent, the

---

[2] Newhall's requested award includes $5351.45 submitted in a post-order affidavit. Whether these additional fees should be included has not been determined by the district court.

[3] We note the court expressly found the expenses related to the sale as found in the referee's report to be reasonable.

nature and extent of the service, the amount involved, the difficulty of handling and importance of the issues, the responsibility assumed and results obtained, the standing and experience of the attorney in the profession, and the customary charges for similar service." *GreatAmerica Leasing Corp. v. Cool Comfort Air Conditioning & Refrigeration, Inc.*, 691 N.W.2d 730, 733 (Iowa 2005) (quoting *Schaffer v. Frank Moyer Constr., Inc.*, 628 N.W.2d 11, 24 (Iowa 2001)). The court may make reductions for partial success, duplicative hours, unreasonable hours, and proportionality, and it should consider all the circumstances of the case in making its decision. *Lee*, 906 N.W.2d at 197.

"It is widely recognized that the underlying theory on which fees for plaintiff's attorney in partition are allowed as costs and charged to the various interests is that the services are for the common benefit of all." *Mahon*, 133 N.W.2d at 701. "Where some of the services are for the common benefit of the owners and some benefit plaintiff personally he should pay for the latter." *Id.* at 701–02. Historically, the attorney fees were taxed as costs when no defense was made, and "the Legislature did not intend to impose the burden of paying any part of plaintiff's attorney's fees upon the opposing parties who are represented by counsel of their own choosing." *Hawk v. Day*, 126 N.W. 955, 959 (Iowa 1910). The reasoning behind the taxing of fees as costs lies in the large proportion of uncontested partition proceedings where the plaintiff's attorney serves the defendants as well as the plaintiff. *Id.*

Our most recent cases on Rule 1.1225 have declined to award appellate attorney fees, noting the rule says nothing about appellate attorney fees and the requesting party's failure to cite authority to permit an award of appellate fees.

*Wihlm v. Campbell*, No. 15-0011, 2016 WL 4801433, at *4 (Iowa Ct. App. Sept. 14, 2016), *vacated on other grounds*, 906 N.W.2d 185 (Iowa 2018) (vacating partition in kind); *Gleason v. Gleason*, No. 13-0876, 2015 WL 9450403, at *6 (Iowa Ct. App. Dec. 23, 2015). Newhall made no argument below or on appeal why appellate attorney fees should be read into the rule. Appellate attorney fees were not awarded at either appeal. *See Newhall*, 888 N.W.2d 636; *Newhall*, 2015 WL 5965205.

In its decision, the court traced the case proceedings and noted, "It is a fair statement that the issues presented in this case were not clear cut, and were highly contested, resulting in extensive litigation." The court then ruled it was reasonable for Roll to pay one-half of Newhall's attorney fees without any finding if the fees themselves were reasonable. We find the court should not have taxed plaintiff's appellate fees as costs. We remand for the district court to evaluate the plaintiff's trial attorney fees to determine the reasonableness of the fees to tax as costs and in what proportion against each party.

**REVERSED AND REMANDED.**