# IN THE COURT OF APPEALS OF IOWA

No. 20-0715
Filed October 6, 2021

**ROBERT TOLLE,**
Plaintiff-Appellee/Cross-Appellant,

**vs.**

**RICKEY TOLLE,**
Defendant-Appellant/Cross-Appellee.
_____

Appeal from the Iowa District Court for Boone County, Gina C. Badding,

Judge.

Brothers who co-own land both appeal from a district court order that

granted a partition action. Rickey Tolle contests the actual division of the land;

Robert Tolle cross-appeals the condition of owelty payments. **AFFIRMED.**

Mark Simons of Simons Law Firm, PLC, West Des Moines, for appellant.

Patrick B. White of White Law Office, P.C., Des Moines, for appellee.

Considered by May, P.J., and Greer and Schumacher, JJ. Badding, J.

takes no part.

**SCHUMACHER, Judge.**

Robert Tolle petitioned the district court to partition in kind a parcel of land he jointly owned with his brother, Rickey Tolle. The court adopted the referee's proposed division of property. Rickey appeals the partition plan adopted by the district court. Robert cross-appeals, contending the court erred in conditioning owelty payments on the removal of a junk pile. Robert also argues the court erred in the division of costs and refusing to award him attorney fees. We find the court did not err in its partition of the property, the award of payments for removal of the junk pile, in the division of costs, or in declining an award of attorney fees. For these reasons, we affirm.

## I.    Background

Rickey and Robert purchased a fifty-acre tract of land from their father's estate. Each brother paid $20,000. The brothers held the land as tenants in common. The tract is only accessible by a road running along its northern boundary. There is a junk pile located on the property's southwest corner. A creek traverses the land, running roughly from the center of the property in the north to the southwest corner. The creek often floods, limiting the use of the land and making access to portions of the property difficult at times. Additionally, the flooding and soil quality limits the use of the land as pasture for cattle and horses, as well as recreational activities like hunting.

After unsuccessful negotiations over how to divide the land, Robert filed a petition for partition on July 16, 2019. Both parties presented a consent order to the district court requesting partition in kind. Additionally, both parties agreed that Robert should take the western parcel of any division, while Rickey would take the

eastern parcel. The brothers disagreed on how the parcel would be divided to effectuate this agreement.

A trial was held on February 19, 2020. Robert requested that the court divide the land into two equally sized parcels. Robert's proposed division would follow the creek in the northern-half of the property, but would divert from the creek and run straight south in the southern-half. The plan would require him to cross the creek in order to access the southern portion of his property. In contrast, Rickey sought to divide the land along the creek. Rickey's proposed division would result in the east side of the parcel occupying roughly thirty acres while the west side would contain only twenty acres. Rickey proposed whoever received the larger plot would pay the other party $800 per acre for the difference in size.

The referee, which both parties agreed to appoint, formulated his own plan. That plan drew a straight-line north-to-south, producing two equally sized parcels. The referee's proposal requires both brothers to cross the creek to access parts of their property, although the west parcel has significantly more land separated by the creek. The referee estimated the junk pile on the west side of the property would cost about $15,000 to remove. He suggested both parties split that cost evenly because they both had contributed items to the pile. The court ultimately accepted the referee's report—dividing the land on a north-south line and requiring both parties to split the cost of removing the junk pile. Rickey appeals the court's decision and Robert cross-appeals.

## II. Standard of Review

Partitions of real property are equitable proceedings, which we review de novo. Iowa R. App. P. 6.907; *Newhall v. Roll*, 888 N.W.2d 636, 640 (Iowa 2016).

"In equity cases, the trial court's findings of facts are not binding on us, but we give them weight, especially when they concern a witness's credibility." *Newhall*, 888 N.W.2d at 640. Owelty is an equitable remedy that is reviewed de novo. Iowa Code § 651.1(6) (2020); Iowa R. App. P. 6.907.

The review of an attorney fee award is for an abuse of discretion. *Newhall v. Roll*, No. 18-0490, 2019 WL 1294452, at *1 (Iowa Ct. App. Mar. 20, 2019). "A court abuses its discretion when the grounds or reasons for the court's decision are 'clearly untenable' or when the court has exercised its discretion to an extent that is 'clearly unreasonable.'" *Lee v. State*, 906 N.W.2d 186, 194 (Iowa 2018) (citation omitted). We presume the district court's discretionary decisions are correct until shown otherwise by the complaining party. *Newhall*, 2019 WL 1294452, at *1.

## III. Analysis

Both Rickey and Robert appeal the district court's decision. Rickey argues the court erred in adopting the referee's proposal for partition of the property. In particular, he focuses on the impracticality caused by making Robert cross the creek to access portions of his parcel. Robert maintains the court erred in requiring him to remove the junk pile prior to receiving reimbursement from Rickey. Robert also contends the court erred in refusing to award him attorney fees and in splitting the costs of the action evenly between the parties.

### A. Partition Plan

Rickey argues the court erred in using the referee's plan for the partition of the property because of the impracticality of Robert having to cross a creek in order to access the southern half of his property. Rickey seeks to have his own plan,

which divides the land following the creek, adopted by this court. Iowa Code chapter 651 governs actions for partition of land. Unfortunately, it provides no guidance on how courts should select between competing partition-in-kind plans. The statute merely directs the judge to adopt, modify, or reject the referee's plan. Iowa Code § 651.16(5). Two related sections offer some considerations, but neither is directly on point. First, the factors listed in section 651.31 are relevant to determining whether to partition in-kind or by sale, not how to select between competing in-kind plans.[1] Similarly, section 651.2 allows courts to partition land in kind rather than by sale when a party files a request and partition in kind "is equitable and practical." Thus, neither is definitive.

Here, the court based its decision primarily on "what will be most equitable and practical in this case within the parameters of the parties' agreement." In particular, the court found that the referee's plan met concerns brought up by both parties: Robert's concern over obtaining equally sized parcels and Rickey's concerns over ease of identifying a boundary. Moreover, and contrary to Rickey's assertions, the court considered Rickey's concerns that the plan would make it difficult for Robert to reach the southern half of his land. The court determined that Rickey's complaints were not persuasive, in large part because Robert himself did not seem concerned about getting around his land.

We find the court did not err in adopting the referee's report. That plan ensures both parties receive equal amounts of land—something particularly

---

[1] Those factors include whether division is practicable, whether the resulting division would materially diminish property value, evidence of duration of ownership, sentimental attachments, use by owners, and contribution to taxes and other expenses associated with use of the land.

appropriate given the fact that the brothers contributed equal amounts of money to obtain the land from their father's estate. The plan makes for a clear division of property. Robert has not expressed concern about the potential difficulties of reaching his own land. Additionally, to the extent the factors in section 651.31 are relevant, they also support this plan. The land is primarily only usable for pasture and recreation and the division of property provides both parties with access to the creek for those purposes. The division does not appear to diminish the value of the property as a whole. Also, both brothers have sentimental attachment to their father's land. The court appropriately adopted the referee's plan for the partition of the property.

**B.     Owelty**

Robert contends the court erred in ordering Rickey to pay half the cost for removing the junk pile only after Robert had removed it. The court made this order under the doctrine of owelty. Owelty is an equitable remedy used in partition actions "to equalize the value of the property a party receives through the payment of a sum of money from a recipient of a higher value property to the recipient of a lower value property." Iowa Code § 651.1(6).

Here, the court ordered Rickey to pay half of the estimated $15,000 cost to remove the junk pile. While the junk pile no doubt reduces the value of Robert's property, the court's order relies on the estimated cost of removal, not the reduction of value of Robert's parcel. Therefore, it does not strictly meet the definition of owelty. However, even if we were to consider the order for fees to be paid for the removal of the junk pile was not an owelty order, the district court had the equitable power to order the expense of removing the jointly held junk pile to be equally

divided. *See* Iowa Code § 651.2. The court found that the junk pile lessened the value of Robert's parcel and that both brothers had contributed to it. It was not error to assign the cost equally between the two. It was not an error to require payment by Rickey only after Robert removes the pile. The court's decision was based on avoiding the imposition of the substantial cost of removal on Robert alone when both brothers had contributed to the pile. Ordering Rickey to pay Robert prior to removing the junk pile would result in a windfall profit for Robert because it would compensate him for a cost he never incurred. The cost was merely an estimate, so awaiting a final bill before payment is appropriate. The court did not err in its division of costs relating to the junk pile.

### C.    Attorney Fees & Costs

Robert claims the court erred in refusing to award him attorney fees and in splitting the costs of the action evenly between the two parties. Attorney fees are to be awarded to the plaintiff on partition of real property unless "the plaintiff is the losing contestant." Iowa Code § 651.23. Similarly, costs related to a partition action are "taxed against the losing contestant unless otherwise ordered by the court." Iowa Code § 651.22.

Robert suggests he cannot be a losing contestant because the statute contemplates only one losing contestant. Yet Iowa Code section 4.1(17) is clear that "[u]nless otherwise specifically provided by law[,] the singular includes the plural, and the plural includes the singular." Here, nothing suggests that section 651 should be interpreted contrary to that instruction. Thus, "the losing contestant" includes the plural form, *losing contestants.*

The trial court declined to grant Robert an award of attorney fees and split the cost evenly between the parties because it found "both parties were the losing contestant since neither of their proposed divisions were adopted by the Court." Both Robert and Rickey sought partition in kind, but disagreed as to exactly how the partition occurred. Rather than taking either parties' plan, the court adopted the referee's proposal. Neither brother was the prevailing party. The court did not abuse its discretion in finding Robert, as a losing contestant, did not qualify for an award of attorney fees. Similarly, the court did not abuse its discretion in splitting the costs of the action between both parties.

Because the court did not err in adoption of the referee's proposed partition of property, splitting the cost to remove the junk pile only after completion of removal, or its division of costs and attorney fees, we affirm.

**AFFIRMED.**